The appellant was held under a capias charging him with a violation of the "local option" law.

*A. H. Carrington* and *West & McGown*, for the relator.

*J. H. Burts*, Assistant Attorney General, for the State.

Opinion delivered June 2, 1886.

Hurt, Judge, dissents.

--------

[No. 3999.]

D. H. WEST v. THE STATE.

1. PRACTICE.—PROOF OF THE VENUE is indispensable to the legality of a conviction for crime.
2. SAME—CARRYING A PISTOL—FACT CASE.—The defendant's explanation of the inculpatory circumstances against him with respect to the pistol

carried by him was both reasonable and probably true, and the State made no effort to contradict it. The evidence, as a whole (for which see the statement of the case) is insufficient to support the conviction for unlawfully carrying a pistol.

3. SAME.—The transportation of a pistol home from the place of purchase, whether loaded or unloaded, does not constitute the offense of unlawfully carrying a pistol; nor does the fact that the same was discharged in transit bring the act within the purview of the statute.

APPEAL from the County Court of Robertson. Tried below before the Hon. J. E. Crawford, County Judge.

The conviction in this case was for unlawfully carrying a pistol, and the penalty imposed by the verdict was a fine of twenty-five dollars.

The single witness examined testified, for the State, that, in September, 1883, he and Mr. Hughes met the defendant in his buggy, on the road leading from defendant's home to Kosse. Defendant was drinking somewhat, but was not drunk. He was traveling towards his home, and had some apples and wire fence attachments in his buggy. He also produced and exhibited to witness and Hughes a new pistol, which he said he bought in Kosse. He discharged the pistol while he had it out.

The motion for new trial assailed the sufficiency of the evidence to support the conviction.

*F. H. Prendergast,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In this case no venue is proved, and, besides, the evidence is insufficient to support the conviction.

Appellant's explanation, made to the State's witness with regard to the pistol, was both reasonable and probably true, and the prosecution did not attempt to disprove it.

The transportation of a pistol home from the place of purchase, whether loaded or unloaded, does not constitute the offense of unlawfully carrying a pistol, as that offense is defined by the statute, nor does the fact that the pistol was discharged while being so transported bring the act within the purview of the statute. (Pressler v. The State, 19 Texas Ct. App., 52; Mangum v. The State, 15 Texas Ct. App., 362.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*