## OTTO SCHROEDER v. THE STATE.

### No. 3103.   Decided May 16, 1906.

**1.—Carrying Pistol at Social Gathering—Insufficiency of Evidence.**

Where upon trial for carrying a pistol into a social gathering, the evidence showed that defendant did not have the pistol in the ball room but that it remained behind the bar in the bar room until he called for it, the same was insufficient to constitute a violation of article 340, Penal Code.

**2.—Same—Charge of Court—Intent—Burden of Proof.**

Upon trial for carrying a .pistol at a social gathering, it was error by a charge to the jury to place the burden of proof as to his intention to violate the law upon the defendant; the intent was a necessary element of the offense and the burden was upon the State, as per requested charge.

**3.—Same—Charges Refused—Insufficiency of Evidence.**

Where upon trial for carrying a pistol at a social gathering, the evidence showed that the defendant upon reaching the grounds where the social gathering was had, immediately divested himself of the possession of said pistol and that he did not carry it on or about his person while at such social gathering, a charge submitting this issue should have been given.

Appeal from the County Court of Caldwell.   Tried below before the Hon. John N. Gambrell.

Appeal from a conviction of carrying pistol at social gathering; penalty, a fine of $50.

The opinion states the case.

*McNeal & Ellis,* for appellant.—On question of intent: Hardy v. State, 40 S. W. Rep., 299.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was indicted under article 340, Penal Code, for carrying a pistol into a social gathering. The facts, briefly stated, are that there was a ball or social gathering at the Turnverein Hall, some ten or twelve miles from Lockhart in the Rogers' pasture.   The club owned four acres of land.   It had a dance hall, 60 x 100 feet, and a couple of rooms attached to and under the same roof, for a cloak room, ladies' room and place for depositing the little children.   At the opposite end of the hall was another room, where beer was kept.   These small rooms were cut off from the main room by partition walls.   From each room there opened into the main room a door for ingress and egress to the ball room.   There was also a door from the beer-room opening outside.   Appellant and Eustace attended the social function on the evening in question, and drove out from Lockhart, in a buggy, supplied by Eustace.   Eustace had intended carrying a deputy sheriff, but for some reason the sheriff disappointed him, and he went by and induced appellant to accompany him. Eustace carried a pistol under the seat or back of the seat on the floor

of the buggy. Upon reaching the vicinity of the Turnverein, they alighted and hitched their team. Eustace requested appellant, as he did not desire to leave the pistol in the buggy for fear of its being stolen, to put it away for him until they should return to Lockhart that night. Appellant was a member of the club, and picked up the pistol, carried it into the beer-room, walked behind the bar and deposited it, with the consent of the proprietor. About 1 or 2 o'clock, when appellant and Eustace got ready to leave, appellant went in the bar-room, got the pistol, passed out through the outside door to the buggy, and thence thy returned to Lockhart. The evidence shows that appellant went into the door from the outside of the building, when he deposited the pistol, and left through the same door going out of the building, when he left to return home. Witnesses testified that appellant did not have the pistol in the ball room, and that it remained behind the bar in the bar-room until they left; and they had some trouble in finding it when they got ready to leave, as it had been moved during the interrim. This is the substance and practically all of the salient features of the testimony. In order to constitute a violation of this phase of article 340, it would be necessary that appellant carry the pistol into the ball room. Such is the language of the statute.

Several charges were asked presenting appellant's theory of the case, which were refused. Without discussing them, we think some of them were directly pertinent and presented sharply the matter for the adjudication of the jury. But, as we view the evidence it is not sufficient to justify appellant's conviction. He did not carry the pistol in the ball room, if in fact he was guilty of carrying it all, under the decisions in this State. Sanderson v. State, 23 Texas Crim. App., 520; Cathey v. State, 23 Texas Crim. App., 492; Lann v. State, 25 Texas Crim. App., 497; Hardy v. State, 40 S. W. Rep., 299; Brooks v. State, 15 Texas Crim. App., 88.

The record does not contain the complaint upon which the information is based. This is probably an omission. If a complaint was not filed in the trial court, the prosecution could not be maintained; and for this reason the judgment would have to be reversed and prosecution ordered dismissed. But even if there was a complaint the conviction is not supported by the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

February 20, 1907.

DAVIDSON, Presiding Judge.—At a previous term of this court the judgment herein was reversed, and the State makes a motion for rehearing. The transcript as heretofore held in the opinion omitted to contain the complaint, the information alone being set up. This defect has been supplied showing that it was an omission of the clerk

in transcribing the record. Several matters are urged for consideration in the State's motion. After reviewing these we are of opinion the judgment should be reversed. Some of the grounds urged for reversal were not discussed in the original opinion, but simply referred to as reversible errors—the giving of charges by the court and refusal of special instructions requested by appellant. One or more of these facts is deemed proper now to notice. Without restating the facts, we think the original opinion has sufficiently shown the substance of the evidence to review these questions. The court charged the jury, among other things, as follows: "You are also charged that to constitute an infraction of this particular statute, the intention to violate the law is an essential ingredient but the burden of proof is on the defendant and not the State. If, therefore, you do not believe from the evidence that it was the intention of the defendant to violate the law, you will acquit him. The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in case you have a reasonable doubt as to defendant's guilt, you will acquit him." Exception was reserved to these charges because contradictory one of the other; second, same places burden of proof on the defendant to show an innocent intent when the intent is charged to be an essential ingredient in the offense. These exceptions are well taken. It is a correct proposition made so by the statute that the party is presumed innocent until his guilt is established beyond a reasonable doubt, and if there is a doubt the accused should be acquitted, but it is not the law that where the intent is an essential ingredient of the law under this statute that the burden of proof is on the accused to show his innocence or his innocent intent. The burden of proof is always on the State unless in peculiar cases such as non-age, insanity, etc. This statute, however, does not come within the purview of these exceptions. In Lann v. State, 25 Texas Crim. App., 495, it is held the intent was a necessary element of the offense of which appellant was convicted. See also Brooks v. State, 15 Texas Crim. App., 88. This is the recognized doctrine with reference to this statute. That being true, or the correct principle, then the burden of proof is upon the State and not upon the defendant. Therefore, the court erred in charging this rule with reference to intent and it is directly contradictory of the presumption of innocence.

Appellant asked special instruction covering this phase of the case, pertinently and directly, which was refused, and proper exceptions taken both to the charge given and the refusal of the special requested instruction. This instruction was asked by appellant, and refused, and we think erroneously: "If the jury believe from the evidence that the pistol charged to have been carried by the defendant was the property of Joe Eustace, and he put the same into the buggy and carried it to Rogers' ranch, and that the defendant at request of Eustace put the pistol in the bar at Rogers' ranch for safe keeping, and put it

back in the buggy, and there was no intent on the part of defendant in so handling the pistol to violate the law, then the jury should acquit the defendant." Also the court erred in refusing the following requested instructions: "If you believe from the evidence that the defendant Otto Schroeder, upon reaching the grounds where the social gathering was had, immediately divested himself of the possession of said pistol, and that he did not carry on or about his person said pistol while at said social gathering, then you will acquit the defendant." In this immediate connection the facts show that appellant and Eustace went from Lockhart to the social gathering about ten or twelve miles, and that Eustace, upon leaving the town of Lockhart, placed his pistol in the back of the buggy and under the buggy seat; that upon reaching the grounds they got out and hitched the team about twenty-five or thirty steps from the house where the dancing was in progress. Eustace requested appellant, as he was a member of the Turnverein society, and knew all the environments and people, and had some right on the premises, to take his (Eustace's) pistol and put it away for him until they were prepared to return home, expressing fear of its being stolen. Appellant agreed to do this, and took the pistol into the bar-room, which is described in the original opinion, and deposited it where it remained until about 1 or 2 o'clock in the morning, when, upon their returning home, appellant went into this bar, got the pistol and placed it back in the buggy. This was appellant's entire connection with the transaction. We believe that under this state of facts the charges requested should have been given. See Sanderson v. State, 23 Texas Crim. App., 520; Cathey v. State, 23 Texas Crim. App., 492; Brooks v. State, 15 Texas Crim. App., 88; Lann v. State, 25 Texas Crim. App., 495; Jones v. State, 13 Texas Crim. App., 1, and Hardy v. State, 37 Texas Crim. Rep., 511. Under the view that we take of this record, we are of opinion that the motion for rehearing should be overruled, and it is accordingly so held. The facts are not discussed, nor their sufficiency passed on in this opinion.

*Overruled.*