### W. H. MILES v. THE STATE.

No. 4011.     Decided February 19, 1908.

**Carrying Pistol—Want of Criminal Intent.**

Where upon trial for unlawfully carrying a pistol, the evidence tended to raise the issue that defendant did not know at the time he was out on the street, that the pistol was in the pocket of the coat he was then wearing, the court should

have charged the jury that if said pistol had been placed in said pocket by some one else without his knowledge, and there was no intent to violate the law, to acquit, and to require reasonable diligence of defendant was error.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of unlawfully carrying a pistol; penalty, $100.

The opinion states the case.

*Hopkins & Milliken,* for appellant.—Cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant in this case was charged with unlawfully carrying a pistol, and his trial resulted in a conviction.

There are a number of questions raised in the case, but the only one which we think it important to notice is the correctness of the court's charge, and whether appellant's special charge No. 5 should have been given.

Appellant, a short time before his arrest, had moved from the country to the town of Lewisville in Denton County. On the day of the commission of the offense charged against him, he had gone from his barbershop to a restaurant some forty feet from his place of business, thence to the postoffice, and from there to a dry-goods store, thence back to the restaurant, and shortly after this was arrested and searched by an officer, and a pistol found on his person. It was claimed by appellant that he had had this pistol in his overcoat pocket, and that same had been taken from his overcoat by someone and placed in his dresscoat pocket, which was hanging in his barbershop, and that at the time he was walking about the street of Lewisville he was unaware of nor did he believe that the pistol was in the coat he was then wearing. The testimony tended to raise the issue that appellant did not know at the time he was out on the street that the pistol was in the pocket of the coat he was then wearing. In this state of the proof, the court gave the following charge applicable to this issue: "If you believe from the evidence that the defendant did have on or about his person a pistol as charged, but if you further believe that the defendant did not know or *could not have reasonably known* that the pistol was in his coat at the time he did so carry same, then you will acquit the defendant and say by your verdict not guilty." The following special charge was requested by counsel for appellant: "If the jury believe from the evidence that the pistol charged to have been carried by the defendant was placed in his pocket by some one other than the defendant and that he did not know that said pistol was in his pocket at the time he put the coat on nor at any time prior to the time of his arrest, and that there was no intent on the part of defendant to violate the law, then you will acquit defendant." This special charge, in substance, states the law correctly and should

have been given. To make defendant guilty of a crime it is not sufficient that the jury should believe that he might have known by the exercise of reasonable diligence that the pistol was in his pocket. In other words, the failure on his part to discover the fact that the pistol was in his pocket, in the absence of knowledge of this fact, or any intention to violate the law, could not make him guilty. See Lyle v. State, 21 Texas Crim. App., 153; Mangum v. State, 15 Texas Crim. App., 362; and Schroder v. State, 50 Texas Crim. Rep., 111; 99 S. W. Rep., 1003.

The judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*