## WILL BAKER V. THE STATE.

### No. 932. Decided February 8, 1911.

**Carrying Pistol—Innocent Intent—Charge of Court.**

Where, upon trial of unlawfully carrying a pistol, there was evidence that the defendant took the pistol from parties who were in a personal encounter, and that he carried the same to his home to keep the parties from regaining pos-session of it, and afterwards returned it to the owner, with no purpose or inten-tion of violating the law, the court should have submitted a requested charge covering this phase of the case. Following Schroeder v. State, 50 Texas Crim. Rep., 111, 99 S. W. Rep., 1003, and other cases.

Appeal from the District Court of Kerr. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Lee Wallace* and *Ben H. Kelly,* for appellant.—On question of the court's refusal of defendant's special requested instructions: Huff v. State, 53 Texas Crim. Rep., 454, 102 S. W. Rep., 407, and cases. cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—On ques-tion of court's refusal of defendant's special requested instructions: Carroll v. State, 57 S. W., Rep., 94; Cathey v. State, 23 Texas Crim. App., 492, and cases cited in opinion.

PRENDERGAST, JUDGE.—The defendant was indicted under article 388 of the Penal Code as amended by the Acts of 1905, p. 56, for unlawfully carrying a pistol on or about his person. He was not indicted under article 340 of the Penal Code for going into an assembly and having or carrying about his person a pistol.

The evidence shows that there was a dance at the residence of J. S. Hope, in Kerr County, some time in March or April, 1910; that the defendant, who lived about a mile or mile and a half from Hope's, took his family to the dance in a hack; that there was considerable drinking and some of the attendants were drunk at the dance; that during the night a fight occurred between Will Hope, who lived at his father's where the dance was, and Will Morgan in the yard; that during the fight a pistol was fired two òr three times. The defendant ran out of the house to where Will Hope and Morgan were fighting and saw a pistol on the ground which they were trying to get; that he ran up and secured the pistol, took it in the house in his hand and offered it to another party, Charles Crider. Crider declined to take it. It seems that either a short time before this, or a short time afterwards, whether before or afterwards was controverted, Crider had had trouble with Morgan. The evidence further discloses that the defendant did not leave the pistol or offer to leave it with any of the Hope family, but carried it out from the house to where his hack was. Either then or very soon afterwards he hitched up his team, put his family and a companion in, and hearing Will Morgan coming out, told his companion to drive on down towards him, he walking on ahead with the pistol still in his hand; that his hack soon caught up with him and he got in and drove directly to his home carrying the pistol with him; that the next morning he got on his horse and carried the pistol back to the Hopes and delivered it to Will Hope, the owner.

He also testified that in taking the pistol in the house and offering it to Crider he wanted to keep Will Morgan from getting it; that he was afraid he would take it away from him, as he knew he had it; that he carried the pistol home with him to prevent trouble and with no other purpose and had no intention to violate the law by carrying it as he did.

Several witnesses testified that they saw him taking the pistol in his hand from where the fight occurred into the house and offering it to Crider and from there taking it out to his hack.

The court gave a general charge to the jury to the effect that if they believed from the evidence beyond a reasonable doubt that the defendant at about the time charged in the indictment did carry on or about his person a pistol, then to find him guilty, etc.

The defendant requested the following charge: "If the jury believe the pistol charged to have been carried by defendant was the property of Will Hope and that defendant took the same from the said Hope during the fight or personal encounter between said Hope and one Will Morgan on the night in question at the home of said Hope, and did so for the purpose of preventing any person from getting shot or hurt with said pistol, and that for said purpose alone, and with no intent on defendant's part to violate the law, defendant took the pistol off the premises and returned it to said Hope next

day, they must acquit the defendant." The court refused to give this charge. The appellant properly assigns this as error. The Assistant Attorney-General has confessed that this was an error and he joins the appellant in asking that the case be reversed and remanded. It is our opinion that it was error in the court below to refuse to give this charge, or some such apt charge as would present this question to the jury for their determination. Schroeder v. State, 50 Texas Crim. Rep., 111, 99 S. W., 1003; West v. State, 21 Texas Crim. App., 427; Mangum v. State, 15 Texas Crim. App., 362.

Other errors are assigned. We deem it unnecessary to consider them. They will doubtless not occur upon another trial. We doubt if any of them, however, show reversible error. For the error above pointed out the case is reversed and remanded.

*Reversed and remanded.*