PERRY HOOPER v. THE STATE.

No. 1131.  Decided April 19, 1911.

**1.—Carrying Pistol—Special Judge—County Court.**

Article 1132b, Revised Statutes, provides for the election of special judges of the County Court.

**2.—Same—Waiver of Jury—Intent—Presumption.**

Where, upon trial of unlawfully carrying a pistol, defendant waived a jury, the court must presume that the trial judge considered all the theories of the defense, including that of intent.

Appeal from the County Court of Shelby.  Tried below before the Hon. W. D. White.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—On question of intent: Schroeder v. State, 50 Texas Crim. Rep., 111; Lyle v. State, 21 Texas Crim. App., 153, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case appellant was charged with unlawfully carrying on and about his person a pistol.  He was tried by the court, without the intervention of a jury, found guilty, and his punishment assessed at a fine of $100.

1.  There are but two errors assigned, one that he was not tried by a competent tribunal.  We suppose this relates to the election of a special judge to hold that term of County Court.  Article 1132b, Revised Statutes (Acts 25th Leg., p. 7), provides for the election of special judges of the County Court in cases similar to this, and this ground presents no error.

2.  In the other, he contends that the evidence wholly fails to show a guilty intent, and is insufficient to sustain the judgment, in his brief citing Baker v. State, 61 Texas Crim. Rep., 193, 134 S. W. Rep., 686; Miles v. State, 52 Texas Crim. Rep., 561, and similar cases.  In those cases it will be noted that it was held that it was proper for the court to submit this issue to the jury in an appropriate charge, where the evidence raises it and special instructions are requested.  In this case the evidence clearly established that appellant had the pistol.  His evidence raised the issue of innocent intention, and that he merely had the pistol to deliver to another at the

request of a third person. Had the court in the cases cited submitted the issue to the jury and they found against the contention, this court would not have disturbed the verdict. Where a jury is waived and the case submitted to the court, we must presume that the court took into consideration all theories of the case and found as a fact against appellant's contention. There is evidence to support the judgment, and while his explanation, if true, would be a defense, yet in view of the fact that the trial judge who heard the evidence and saw the witnesses, found adversely to him, we do not feel inclined to disturb the judgment.

The judgment is affirmed.

*Affirmed.*