[No. 3693.]

TOM LYLE v. THE STATE.

1. CARRYING A PISTOL—EVIDENCE.—The defense, in a prosecution for car-
   rying a pistol, offered in evidence the commission of the sheriff of the
   county appointing the accused a special deputy to pursue and capture
   horse thieves.  Upon objection by the State, the substance of which is
   not disclosed, the evidence was rejected.  *Held*, error; the document,
   whether legal or illegal, being of a nature calculated to lead the accused
   to believe that he had the right to carry the pistol, should have been
   admitted.
2. SAME.—The object of the code in denouncing a penalty against the
   carrying of a pistol, is not to punish under circumstances which clearly
   show that there was no intention on the part of the person carrying
   it, to violate the law.
3. SAME—QUÆRE.—Has not a citizen, while in pursuit of stolen property in
   the hands of the thief or thieves, the right, notwithstanding the general
   statute, to carry a pistol.
4. SAME—EVIDENCE.—The trial court refused to permit the accused to intro-
   duce in evidence his commission as deputy sheriff, in mitigation of
   punishment.  *Held* that, inasmuch as the jury assessed against him the
   minimum penalty, the accused cannot be heard to complain of this
   ruling of the trial court.
5. SAME—PRACTICE.—In refusing to permit the accused to prove by a State's
   witness the enmity entertained by the said witness against him, the trial
   court erred.

APPEAL from the County Court of Wilbarger.   Tried below
before the Hon. J. P. Orr, County Judge.

The conviction in this case was for unlawfully carrying a
pistol, and the penalty imposed by the jury was a fine of twenty-
five dollars.

The opinion sufficiently discloses the case.

*Thompson* and *McGhee*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.   This is a conviction for carrying a pistol.
Upon the trial the defendant offered to introduce in evidence the
following appointment from John Bland, sheriff of Hardeman
county:  "This is to certify that I have appointed J. T. Lyle my
special deputy for ten days, for the purpose of tracing some

stolen horses. This is to remain in force for ten days from this day, and to carry fire arms for the time specified above.
(Signed)                    "John Bland,
"Sheriff of Hardeman county, Texas."

To the introduction of this document the State objected, but the objections are not stated in the record. We are of the opinion that the appointment was admissible. It was acknowledged before the county clerk of Hardeman county. But, as before stated, the record does not inform us just what the objection was. If because not the act of the sheriff, this objection should have been made; and so with regard to any other objection. We may presume that the objection was upon the ground that the defendant had not taken and subscribed the oath of office prescribed by the constitution, as is required by Article 4520 of the Revised Statutes.

Now, we hold that this appointment, whether legal or not, was, in its very nature, strongly calculated to induce defendant to believe that he had a legal right to carry the pistol. It is not the object of the code to punish under circumstances which clearly show that *there was no intention to violate the act.* With this appointment appellant no doubt believed that he had the right to take a pistol with him in pursuit of the stolen horses.

Again, while this is *obiter*, we doubt the criminality of the citizen where, in hot pursuit of the thief or thieves of stolen property, he carries his pistol with him. This, of course, must not be made a pretext for violating the law.

The punishment for this offense is by fine of not less than twenty-five nor more than one hundred dollars. Appellant was fined only twenty-five dollars, and hence cannot complain on the ground that said appointment was admissible for the purpose of reducing the punishment. If the punishment had been greater than the minimum fixed by the statute, certainly defendant would have had just grounds to complain, because said appointment was evidently admissible for that purpose.

Appellant had the right to prove by sheriff Douglas the state of feeling which was entertained by him towards defendant. This he offered to do, but was prevented by the court, and he reserved his bill. For the errors above noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*