Opinion delivered June 8, 1887.

---

No. 5479.

JEFF CATHEY v. THE STATE.

CARRYING A PISTOL.—FACT CASE.—See the opinion for evidence *held* insufficient to support a conviction for carrying a pistol.

APPEAL from the County Court of Bell. Tried below before the Hon. J. M. Rosborough, County Judge.

The opinion states the case. The penalty was a fine of twenty-five dollars.

*Monteith & Furman*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of carrying *on* or *about* his person a pistol, under the following facts:

Frank Dean testified: "I was in a wagon with Jeff. Cathey, about seven miles from Belton, in Bell county, Texas. He stopped the wagon and commenced to hunt about in the end of the wagon for a bottle of whisky. Cathey couldn't find his whisky, and he reached down and picked up his pistol from the corner of the wagon body, and accused Ellis and myself of having his whisky, which we denied. He searched about his

pockets for his whisky, held the pistol in his hand for awhile, and then put it down in the corner of the wagon body by his saddle bags. He found his whisky, took a drink and drove on." Appellant lived about nine miles from Belton, whither he had gone to dispose of a load of cotton, and was on his return.

Do these facts constitute the offense charged? Article 318, Penal Code, provides: "If any person shall carry on or about his person, or saddle, or in his saddle bags, any pistol," etc. It is not here made an offense to carry a pistol in a wagon; and we do not think the lifting of the pistol as stated, and the holding of it for a few seconds, constitute the offense of carrying a pistol on or about his person. Not being supported by the facts, the judgment is reversed and the cause remanded.

*Reversed and remanded.*