### SAM FULLER v. THE STATE.

#### No. 430. Decided March 9, 1910.

**Carrying Pistol—Innocent Intention.**

Where, upon trial of unlawfully carrying a pistol, there was evidence that defendant's possession was momentary and for an innocent purpose, and in aid of a person authorized to carry the alleged pistol, the court erred in not submitting defendant's requested charge covering this phase of the case, which the court omitted in his general charge.

Appeal from the County Court of Hill.   Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, and *J. W. Marshall,* Assistant County Attorney, and *A. M. Frazier,* County Attorney, for the State.—On question of court's refusal of defendant's special instructions:   Lewis v. State, 22 S. W. Rep., 687; Clopton v. State, 44 S. W. Rep., 173; Thompson v. State, 48 Texas Crim. Rep., 146; Hill v. State, 50 Texas Crim. Rep., 619; Hutchinson v. State, 125 S. W. Rep., 19; Schuh v. State, 124 S. W. Rep., 908.

McCORD, Judge.—Appellant was tried and convicted for unlawfully carrying on and about his person a pistol and his punishment was assessed at a fine of $100 and thirty days in jail.

On the trial of the case the State's witness, Ped Rush, testified that he was city marshal at Hillsboro, in Hill County, Texas; that on the night of July 19, 1909, he got in the buggy with the appellant to take the appellant home; that they went down by the house of one Mrs. Simpkins; that Mrs. Simpkins lived a little off of the way from town to appellant's home and they went by her house, stopped and that the witness' pistol was in the buggy and that the appellant got the pistol out of the buggy and carried it up on the gallery of Mrs. Simpkins' house, and that he heard the pistol snap once or twice; that he requested Fuller to go with him; that when they left town in the buggy they left from the east side of the square, about three quarters of a mile from appellant's home, and appellant's home was some three or four hundred yards from Mrs. Simpkins' home; that when they got to Mrs. Simpkins' house, witness tied his horse to a post some twenty feet in front of the house, and he says he does not recall whether the appellant gave him the pistol or he took the pistol from him when they got on the gallery.  This witness further stated he did not go down there to make any arrest, and further that he heard the appellant clicking the pistol on the gallery.  The appellant took the stand and testified that when the witness and himself got down to Mrs. Simpkins' house he got out on one side of the buggy and the witness on the other, and that he saw the pistol of the witness lying on the seat of the buggy, and the witness having gone on into the house he carried the pistol from the buggy to the house some eighteen or twenty feet and gave it to the witness; that he thought the witness had forgotten the pistol and he carried it to him.

Under this state of the facts the appellant requested the court to charge the jury that if the defendant took the pistol from the buggy

and carried it to the gallery, and only had it in his possession about a minute, and that his purpose was to carry the pistol and hand it to the marshal, and that as soon as he reached the gallery he did deliver it to him, the defendant would not be guilty and that they would acquit. This request was made in several different charges presented to the court by appellant's counsel and were all refused and bills of exception were reserved. Under this state of the case we are inclined to think that the court erred in not giving the charge as requested. The court had omitted to instruct on this phase of the case in his general charge. This case differs from the case of Schuh v. State, decided at this term. In that case, while the possession was of short duration, yet the conduct of the defendant showed an unlawful carrying, while in this case appellant's contention is that his possession was momentary and for an innocent purpose and in aid of a person authorized to carry same, and this view of the case should have been submitted to the jury.

For the omission to give the charge requested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*