HENRY HICKS v. THE STATE.

No. 1672.   Decided April 3, 1912.

Carry Pistol—Intent—Insufficiency of the Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant entered a store with others, and while in the act of taking a drink, saw a pistol lying near, which he took in his hands and fired to see whether it would shoot, the same was not sufficient to sustain the conviction. Following Waddell v. State, 37 Texas, 354, and other cases.

Appeal from the County Court of Titus.   Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Rolston & Ward,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of carrying on and about his person a pistol, his punishment being assessed at a fine of $100.

The evidence shows that the appellant had the pistol at the store of a Mr. Gunn who was absent from the State at the time. The store was in charge of another party. Appellant and two or three others were in the store on the occasion mentioned. Appellant was drinking some and fired off a small double barrel derringer twice in the store. The pistol was taken from him by the then proprietor of the store and laid upon a shelf where it remained. Appellant testified in his own behalf, as did another witness, to the effect that they went to the store in company with each other, and after getting there they went to the rear of the store to take a drink. While there they found a little pistol which they first thought was a toy pistol, but subsequently proved to be a small derringer between two kegs. Appellant picked up the pistol and snapped it. At first it failed to fire; upon snapping it again it did fire; he then fired the second barrel. It was immediately taken from him and placed on a shelf in the store. There are some affidavits attached to the motion for a new trial, one by Mr. Gunn and another by a party named Poag. These affidavits disclose the fact that Mr. Gunn, the proprietor of the store, before leaving for Georgia, where he was at the time of this transaction, saw this pistol at the place designated by appellant and the witness who was with him at the time they saw it between the kegs.

Without going into a review of the newly discovered testimony, which evidently is of a material nature, we are of opinion the evidence is not sufficient to show a violation of the law. Waddell v. State, 37

Texas, 354; Lyle v. State, 21 Texas Crim. App., 153; West v. State, 21 Texas Crim. App., 427; Pressler v. State, 19 Texas Crim. App., 52; Mangum v. State, 15 Texas Crim. App., 362; Sanderson v. State, 23 Texas Crim. App., 520; Cathey v. State, 23 Texas Crim. App., 492; Lann v. State, 25 Texas Crim. App., 495; Brooks v. State, 15 Texas Crim. App., 88; Schroeder v. State, 50 Texas Crim. Rep., 111, 90 S. W. Rep., 1003; Baker v. State, 61 Texas Crim. Rep., 193, 134 S. W. Rep., 686.

While appellant may have violated another statute, yet we are of opinion that he is not guilty of carrying a pistol in violation of the law as contemplated by the statute.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*