## HENRY GUY v. THE STATE.

### No. 3222.  Decided October 14, 1914.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant's entire and only connection with the pistol was that it was handed to him and that he fired it three times, the same was not sufficient to convict. Following Fretwell v. State, 52 Texas Crim. Rep., 499, and other cases.

Appeal from the County Court of Polk. Tried below before the Hon. P. R. Rowe.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days imprisonment in the county jail.

The opinion states the case.

*Campbell & Campbell,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This conviction was for a violation of the pistol law. There seems to be no conflict in the testimony. The facts disclose that appellant was riding a mule bareback in company with two other youngsters. They were traveling the road and near the residence of McGowen two pistol shots were fired and immediately the third. McGowen was inside of his house at the time, but immediately went out, and says the defendant fired the third shot and immediately fell off his mule in about thirty steps of his gate. The pistol was picked up and given to one of the other parties named Bass. Appellant was assisted in getting upon his mule, and the three, defendant, Bass and Wyatt rode away. It is shown that the three parties were traveling together. It is further shown that the pistol belonged to Bass, and when they reached the point where the pistol was fired Bass handed appellant the pistol and told him to shoot it. Appellant took the pistol and fired it three times, and then fell off his mule. the pistol going one way and the defendant the other when he fell. Wyatt picked up the pistol and handed it to Bass. It is shown by the witnesses that defendant did not have the pistol before reaching the spot where it was fired, nor after leaving there. Appellant's entire and only connection with the pistol was as stated, Bass handing it to him and he fired it three times. This is the case on the facts. Under the authorities this does not constitute carrying a pistol. See Fretwell v. State, 52 Texas Crim. Rep., 499; Sanderson v. State, 23 Texas Crim. App., 520; Cathey v.

State, 23 Texas Crim. App., 492; Fuller v. State, 58 Texas Crim. Rep., 449; Baker v. State, 28 Texas Crim. App., 5.

There are other questions in the case which would require a reversal for refusal to give requested charges, but in view of the fact that the evidence does not show an unlawful carrying of the pistol within the contemplation of our statute, the other questions are not discussed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*