## JOE PYKA v. THE STATE.

### No. 4361.   Decided February 28, 1917.

**Carrying Pistol—Insufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant being engaged in a difficulty with one of State's witnesses incidentally

picked up a pistol which was lying on the ground, and which he denied was his own, and struck the said State's witness over the head with it, and then dropped it near where he picked it up, this did not constitute an offense under article 475, Penal Code, which prohibits any person from carrying a pistol on or about his person. Following Guy v. State, 74 Texas Crim. Rep., 620, and other cases.

Appeal from the County Court of Austin. Tried below before the Hon. G. S. Cummings.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*W. J. Hill,* for appellant.—Cited Sympson v. State, 19 S. W. Rep., 677; Sanders v. State, 20 id., 556; Dillingham v. State, 32 id., 771; Mangum v. State, 15 Texas Crim. App., 362.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of unlawfully carrying a pistol on and about his person.

The facts show that appellant and Jim Reneau were engaged in a fight; that the fight took place near a barber shop and that several parties came out of the barber shop and separated the combatants. The injured party testified that after they were separated he was looking around on the ground for his glasses when someone hit him on the head from behind; that he did not know what hit him; that he saw no pistol; that in the scuffle with appellant, who was in his shirt sleeves, he felt no pistol. Another State's witness testified that after the parties were separated Jim Reneau began looking around on the ground as if hunting for something and Joe Pyka was standing near a wagon; that he saw Pyka hit Jim Reneau over the head with a pistol; Reneau fell, "and then Joe Pyka ran at me. I turned and ran. I heard a shot fired—don't know whether Pyka shot at me or not—didn't stay to see." Other witnesses testified that Pyka had come into the barber shop in his shirt sleeves, and while there Reneau called him out on the sidewalk, and while on the sidewalk the fight took place. Appellant testified as follows: "Jim Reneau then said I was a damn liar, and at the same time struck me in the face. We then clinched and fell to the ground. After scuffling on the ground for a while, we were parted and both got up. Reneau said: 'I will kill the damn son-of-a-bitch,' and began hunting on the ground as if hunting for something to hit me with. I started to move back when my foot struck against some object on the ground. I immediately picked it up and went forward and struck Reneau over the head. He fell to the sidewalk. When picking it up I discovered it was a pistol. Windy (A. H.) Sanders said: 'Let me take the son-of-a-bitch.' I ran at him intending to hit him with the same pistol. He ran, and the pistol was accidentally discharged. I then threw the pistol down near where I picked it up, by

some barrels. I did not carry the pistol there. It was not my pistol, and I did not carry it away. I don't know whose pistol it was. I was in my shirt sleeves, not expecting trouble with Jim Reneau or anyone else. I went to the barber shop to get a shave, having patronized the shop for a long time. The pistol was not mine. I did not know who it belonged to, nor who carried it away. There was a considerable crowd there." Sanders and Reneau and several other witnesses testified that they knew nothing about how the pistol came to be on the ground, nor to whom it belonged.

The prosecution is under article 475, Penal Code, which prohibits any person from carrying a pistol on or about his person. The appellant contends that the evidence was insufficient to support the verdict. In our opinion this contention should be sustained by reason of the holding of this court in the following cases: Guy v. State, 74 Texas Crim. Rep., 620, 170 S. W. Rep., 303, where a pistol was handed to the appellant and fired by him; Hicks v. State, 66 Texas Crim. Rep., 176, 145 S. W. Rep., 938, where the appellant found a pistol in a store, fired it off, and it was immediately taken away from him; Fretwell v. State, 52 Texas Crim. Rep., 499, where the appellant was handed a pistol by another and fired it once or twice and immediately handed it back to the person who handed it to him; Fuller v. State, 58 Texas Crim. Rep., 449, where the possession of the pistol was momentary, appellant having carried it from a buggy to a house, about twenty feet, and handed it to the owner; Schroeder v. State, 50 Texas Crim. Rep., 111, where appellant was charged with carrying a pistol at a social gathering, the evidence disclosing that as soon as he reached the gathering he divested himself of it; Sanderson v. State, 23 Texas Crim. App., 520, where appellant was handed a pistol and took it and shot a rabbit and immediately returned it; Cathay v. State, 23 Texas Crim. App., 492, where appellant picked up a pistol from his wagon while he was hunting for something in the wagon and entered into a short controversy with persons standing by with reference to the locality of the article for which he was looking; Mangan v. State, 15 Texas Crim. App., 362; Land v. State, 25 Texas Crim. App., 495; Brooks v. State, 15 Texas Crim. App., 88; Waddell v. State, 37 Texas, 354; Lyle v. State, 21 Texas Crim. App., 153; West v. State, 21 Texas Crim. App., 427; Presler v. State, 19 Texas Crim. App., 52.

For the reason stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*