David Davis v. The State.

No. 6693.   Decided February 22, 1922.

Unlawfully Carrying Pistol—Insufficiency of the Evidence—Intent.

The provisions of the code denouncing the offense of unlawfully carrying arms were not passed for the purpose of punishing one who had momentary possession of a pistol, where the facts negatived the intention to violate the law, and where the facts were of such character in the instant case as to come within this rule, the conviction cannot be sustained. Following Guy v. State, 74 Texas Crim. Rep., 620, and other cases.

Appeal from the County Court at Law No. 1, of Harris.   Tried below before the Honorable John W. Lewis.

Appeal from a conviction of unlawfully carrying pistol; penalty, a fine of $100.

The opinion states the case.

*Green & Boyd,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol.

The appellant was a youth, sixteen years of age. He and several other boys were standing upon one of the street corners.

A police officer testified that he was nearby and said:

"I heard the defendant call to one of the other boys, saying: 'Let me have that thing;' and the other boy then handed the pistol to the defendant. I immediately arrested the defendant and took the pistol. The party who gave the pistol to the defendant took it from the waist-band of his pants and the defendant put it in the waist-band of his pants. The defendant handed me the pistol. . . . I saw one of them pull out the pistol and hand it to the defendant. Upon the defendant's taking the pistol, I immediately walked up to him and arrested him and took the pistol. No time scarcely intervened between the time the boy handed the pistol to the defendant and the time I got it from the defendant. I saw the whole transaction. The pistol was not loaded, but was in working condition. At the time I took the pistol and arrested the defendant, he told me it was not his pistol and that he was just looking at it."

A witness for the appellant testified that he saw several boys standing near the corner; that one of them had a pistol. Appellant was a few steps from them, standing on the platform; that he asked the boy who had the pistol to let him look at it; that the boy walked up and handed the pistol to appellant and that about that time the policeman walked up and arrested the appellant and took the pistol.

Appellant's own testimony was to the effect that the boy who possessed the pistol pulled it out and he, out of curiosity, asked to see it; that it was an old pistol. Just as it was handed to him, the officer walked up and arrested him and took the pistol; that he did not own it but was merely looking at it out of curiosity; that he was arrested before he had time to hand it back to the owner; that he did not carry the pistol and did not intend to do so, his only purpose in possessing it at the time was to look at it.

The provisions of the code denouncing the offense of unlawfully carrying arms were not passed for the purpose of punishing one who had momentary possession of a pistol where the facts negative the intention to violate the law. Lyle v. State, 21 Texas Crim. App. 154; Mangum v. State, 15 Texas Crim. App. 362; Lann v. State, 25 Texas Crim. App. 497.

State's counsel, in referring to Pickett v. State, 10 Texas Crim. App. 290 and cases listed by Mr. Branch in his Ann. Tex. Penal Code, p. 557, sec. 698, reminds us that exculpatory testimony introduced by the defendant will not warrant overturning a conviction when the inculpatory testimony is sufficient to support it. Ignoring all of the testimony save that introduced by the State, it is our judgment that the conviction is not supported by the evidence. The State's testimony does not show a violation of the law. Numerous applications of the principle stated to facts in all essential features like those revealed by the testimony introduced by the State in the instant case are found in the reports. They include numerous instances wherein the holding of a pistol in the hands and even firing it with no intent to carry it have been held not within the terms of the statute. See Guy v. State, 74 Texas Crim. Rep. 620; Fretwell v. State, 52 Texas Crim. Rep. 499; Sanderson v. State, 23 Texas Crim. Rep. 520; Cathey v. State, 23 Texas Crim. App., 492; Fuller v. State, 58 Texas Crim. Rep., 449; Baker v. State, 28 Texas Crim. App. 5; Hicks v. State, 66 Texas Crim. Rep. 176; Schroeder v. State, 50 Texas Crim. Rep., 111; Pyka v. State, 80 Texas Crim. Rep. 645.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*