Criminal law ⬳1070—Accused having died pending appeal, proceedings abated.

It appearing by affidavit of sheriff and district court clerk that accused died pending determination of his appeal, proceedings against him were ordered abated.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Horace Keith was convicted of maiming, and appeals. Proceedings abated.

See, also, 89 Tex. Cr. R. 264, 232 S. W. 321.

Thos. R. Bond and Brin & Cate, all of Terrell, and Wynne & Wynne, of Kaufman, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for maiming. Punishment was fixed at two years in the penitentiary.

Since the submission of this case the following affidavit has been filed:

"The State of Texas, County of Kaufman.

"Before me, the undersigned authority, on this day personally appeared Virge Rutledge, sheriff of Kaufman county, Tex., and states that H. B. (Horace) Keith is dead, having died from gunshot wounds on the 11th day of February, 1922; that the said H. B. Keith was the same person who was convicted in the district court of Kaufman county, Tex., at the June term, 1921, of maiming, and sentenced to two years' confinement in the penitentiary, and who took an appeal to the Court of Criminal Appeals of Texas, in which court said cause is now pending. Virge Rutledge, Sheriff Kaufman County.

"Sworn to and subscribed before me this the 13th day of February, A. D. 1922. Mrs. W. D. Treadwell, District Clerk, Kaufman County, Texas, per Nannie Jamieson, Deputy."

It appearing that appellant has died since this appeal was perfected, and, while it was pending in this court undetermined, it is ordered that the proceedings against appellant disclosed by the record be abated.

---

### DAVIS v. STATE.    (No. 6693.)

(Court of Criminal Appeals of Texas.   Feb. 22, 1922.)

1. Weapons ⬳6 — Momentary possession where facts negative violation of law not denounced.

The provisions of Pen. Code 1911, art. 475, denouncing the offense of unlawfully carrying firearms, were not passed for the purpose of punishing one who had momentary possession of a pistol where the facts negative the intention to violate the law.

2. Weapons ⬳17(4)—Conviction for carrying pistol not supported by evidence.

In a prosecution for unlawfully carrying a pistol, held, that the conviction was not supported by the evidence.

Appeal from Harris County Court at Law; John W. Lewis, Judge.

David Davis was convicted of unlawfully carrying a pistol, and he appeals. Reversed and remanded.

Green & Boyd, of Houston, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Appellant was convicted of unlawfully carrying a pistol.

The appellant was a youth 16 years of age. He and several other boys were standing upon one of the street corners.

A police officer testified that he was near by and said:

"I heard the defendant call to one of the other boys, saying, 'Let me have that thing;' and the other boy then handed the pistol to the defendant. I immediately arrested the defendant and took the pistol. The party who gave the pistol to the defendant took it from the waistband of his pants, and the defendant put it in the waistband of his pants. The defendant handed me the pistol. * * * I saw one of them pull out the pistol and hand it to the defendant. Upon the defendant's taking the pistol, I immediately walked up to him and arrested him and took the pistol. No time scarcely intervened between the time the boy handed the pistol to the defendant and the time I got it from the defendant. I saw the whole transaction. The pistol was not loaded, but was in working condition. At the time I took the pistol and arrested the defendant, he told me it was not his pistol, and that he was just looking at it."

A witness for the appellant testified that he saw several boys standing near the corner; that one of them had a pistol; appellant was a few steps from them, standing on the platform; that he asked the boy who had the pistol to let him look at it; that the boy walked up and handed the pistol to appellant; and that about that time the policeman walked up and arrested the appellant and took the pistol.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant's own testimony was to the effect that the boy who possessed the pistol pulled it out, and he, out of curiosity, asked to see it; that it was an old pistol; just as it was handed to him, the officer walked up and arrested him and took the pistol; that he did not own it, but was merely looking at it out of curiosity; that he was arrested before he had time to hand it back to the owner; that he did not carry the pistol and did not intend to do so; his only purpose in possessing it at the time was to look at it.

[1] The provisions of the Code (Pen. Code 1911, art. 475) denouncing the offense of unlawfully carrying arms were not passed for the purpose of punishing one who had momentary possession of a pistol where the facts negative the intention to violate the law. Lyle v. State, 21 Tex. App. 154, 17 S. W. 425; Mangum v. State, 15 Tex. App. 362; Lann v. State, 25 Tex. App. 497, 8 S. W. 650, 8 Am. St. Rep. 445.

[2] State's counsel, in referring to Pickett v. State, 10 Tex. App. 290, and cases listed by Mr. Branch in his Ann. Tex. Penal Code, p. 557, § 698, reminds us that exculpatory testimony introduced by the defendant will not warrant overturning a conviction when the inculpatory testimony is sufficient to support it. Ignoring all of the testimony save that introduced by the state, it is our judgment that the conviction is not supported by the evidence. The state's testimony does not show a violation of the law. Numerous applications of the principle stated to facts in all essential features like those revealed by the testimony introduced by the state in the instant case are found in the reports. They include numerous instances wherein the holding of a pistol in the hands and even firing it with no intent to carry it have been held not within the terms of the statute. See Guy v. State, 74 Tex. Cr. R. 620, 170 S. W. 303; Fretwell v. State, 52 Tex. Cr. R. 499, 107 S. W. 837; Sanderson v. State, 23 Tex. App. 520, 5 S. W. 138; Cathey v. State, 23 Tex. App. 492, 5 S. W. 137; Fuller v. State, 58 Tex. Cr. R. 449, 126 S. W. 569; Baker v. State, 28 Tex. App. 5, 11 S. W. 676; Hicks v. State, 66 Tex. Cr. R. 176, 145 S. W. 938; Schroeder v. State, 50 Tex. Cr. R. 111, 99 S. W. 1003; Pyka v. State, 80 Tex. Cr. R. 645, 192 S. W. 1066.

The judgment is reversed, and the cause remanded.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes