### KMIEC v. STATE. (No. 11347.)

Court of Criminal Appeals of Texas. Jan. 25, 1928.

1. Weapons ⊜13—Keeping pistol for friend held not an excuse (Pen. Code 1925, art. 483).

Evidence held to support conviction of one keeping pistol for friend of carrying a pistol in violation of Pen. Code 1925, art. 483.

2. Criminal law ⊜815(5)—Refusing charge, in prosecution for carrying pistol, ignoring evidence that accused carried pistol for friend on his own person, held not error (Pen. Code 1925, art. 483).

In prosecution for carrying a pistol in violation of Pen. Code 1925, art. 483, refusing special charge ignoring evidence that accused in keeping pistol for friend carried same on his own person for some time until he himself decided to dance, when he passed it to another visitor instead of to some one in control of house, held not error.

Appeal from Washington County Court; Sam D. W. Low, Judge.

Chester Kmiec was convicted of unlawfully carrying a pistol, and he appeals. Affirmed.

J. E. Edmondson, of Bellville, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for unlawfully carrying a pistol, punishment being assessed at a fine of $100.

[1] Appellant insists that the evidence is not sufficient to support the verdict. The facts are practically undisputed and may be condensed as follows: Wallis Gurka went in his car to a dance at Henry Stolarski's, having with him, when he left home his two brothers and a young lady cousin. On the way he stopped at appellant's home and took him and his sister to the dance. A short time after they reached the dance, Gurka started to leave his coat and hat in the car, and inquired of appellant if they would be safe there. Appellant advised him that anything left in the car was likely to be stolen, whereupon Gurka got his pistol from the car, gave it to appellant, and asked him to take care of it or put it away while Gurka was dancing. Appellant had no previous knowledge that the pistol was in the car. During the dancing a number of witnesses saw appellant with the pistol in the yard and near where the cars were parked. What he was doing with

the pistol, or just how they happened to see it, is not explained, except by two witnesses who say they saw it in his "side." After having the pistol in his possession some 30 or 40 minutes, appellant himself decided to dance and gave the pistol to one Kuwawa to keep for appellant. Kuwawa only kept it two or three minutes, when he handed it to Theo Stolarski, the son of the man at whose house the dance was being given. After appellant quit dancing he went in turn to Kuwawa and Theo Stolarski and got the pistol and started to the car with it. About the time he reached the car a fight broke out near the house. Appellant was not engaged in the fight, and seems to have had no connection with it. After he put the pistol in the car, some ladies requested him to take to Brenham for medical attention a young man who had been severely cut during the fight. Appellant claims to have called Gurka, who could not be found, for the reason that he had run off in the woods during the fight. Appellant took Gurka's car and in company with some ladies took the wounded boy to Brenham, some six miles distant, to a physician. After the boy had been treated, they started back and met Gurka, at which time the pistol was turned over to him by appellant. It may be stated here that Gurka had paid a fine for carrying the pistol. Appellant insists that under the evidence he is not shown to be guilty of violating the statute (article 483, P. C.) which prohibits the carrying of arms. In support of his contention he refers us to Wallace v. State, 82 Tex. Cr. R. 658, 200 S. W. 836; Fuller v. State, 58 Tex. Cr. R. 449, 126 S. W. 569; Guy v. State, 74 Tex. Cr. R. 620, 170 S. W. 303; Baker v. State, 28 Tex. App. 5, 11 S. W. 676; Fretwell v. State, 52 Tex. Cr. R. 499, 107 S. W. 837; Schroeder v. State, 50 Tex. Cr. R. 111, 99 S. W. 1003; Hicks v. State, 66 Tex. Cr. R. 176, 145 S. W. 938; Sanderson v. State, 23 Tex. App. 520, 5 S. W. 138; Cathey v. State, 23 Tex. App. 492, 5 S. W. 137; Pyka v. State, 80 Tex. Cr. R. 644, 192 S. W. 1066; Mangum v. State, 15 Tex. App. 362. We do not feel called upon to review these cases and point out in what particulars they differ from the present case. However, many of them are reviewed in the opinion in Pyka's Case, supra. They have all been examined. There may be a similarity in features of them to the case now before us, but in other respects there is an essential difference. To hold with appellant's contention that the evidence does not make out a case would amount to announcing as the law that one may legally excuse himself from liability under the statute in question by showing that he was keeping a pistol for a friend, although the friend under the same set of facts would be amenable to the law if he himself had had the pistol. When the pistol was handed by Gurka to appellant, if he had taken it then

to Stolarski to be put away for safe-keeping we would have a case coming within the principle of some of the authorities referred to. But appellant seems to have carried the pistol on his own person for some time and until he himself decided to dance; not until then did he discard it, at which time he seems to have passed it to another visitor instead of to some one in control of the house.

[2] The special charge refused by the court seems to ignore the phase of the case just discussed, and no error was committed in declining to give it. Taking this view of the case, we find it unnecessary to pass upon appellant's further contention that his conduct with reference to the pistol after he received it back from Stolarski and placed it in the car should be considered in the light of the request, and his compliance therewith, to take the wounded boy to the doctor.

The judgment is affirmed.