### JAKE HENSON v. THE STATE.

No. 19662.   Delivered May 4, 1938.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for unlawfully carrying a pistol; punishment, a fine of $100.00.

It appears from the record that on the night of March 8, 1937, the appellant, Eulan Frieze, and Herbert Chandler were riding in a car in the town of Nacogdoches. They stopped their car in Lover's Lane and were engaged in drinking whisky from a pint bottle when city policemen came by and saw them. The policemen stopped and arrested them for being drunk. They searched the appellant and found a pistol on his person, which resulted in his prosecution and conviction in this case. The car in which the parties were riding belonged to Frieze. At the time the officers appeared, Chandler was seated in the rear of the car, Frieze was standing by the side near the driver's seat and the appellant was sitting in the front seat.

Appellant testified that the pistol which was taken from his person by the officers at the time in question did not belong to him; that it was on the floor in the front part of the car when the officers approached. That Frieze asked him to hide it; that he hurriedly picked it up, stuck it under his shirt and had not had the pistol over four minutes when arrested. The officers testified that they did not see him pick up the pistol and did not know how long he had had it when they arrested him or to whom it belonged.

Appellant's first complaint is that the court erred in overruling his motion for a continuance based upon the absence of Eulan Frieze, who he claimed would have testified if present that while they were parked in the automobile, two city policemen came by. That he, Frieze, requested appellant to hide the pistol which was on the floor of the car and that in response to Frieze's request, he picked it up and put it in his bosom. That the pistol did not belong to him and the first time he had his hands on it was when he put it in his bosom. The affidavit of the absent witness to that effect is attached to the motion and made a part thereof.

It is further shown that a subpoena had been served upon the witness two days prior to the date of the trial; that on the morning of the day of trial when the witness did not appear, appellant had an attachment issued for him which had not been served because the officers could not locate him. It appears that the testimony of the absent witness was very material to appellant's defense, as it was a hotly contested issue whether he had momentarily picked up the pistol and hid it or was actually carrying it and had been carrying it. Ordinarily, the granting or refusing of a motion for continuance rests within the sound discretion of the trial court and this Court will not reverse a

474

case unless it appears that the trial court abused his discretion. It is our opinion that since the absent testimony appears to be material to appellant's defense and could not be obtained from any other source, the trial court erred in declining to grant the motion. If the pistol did not belong to appellant and he merely picked it up from the floor of the car and stuck it in his bosom at the time the officers appeared and had not gone anywhere with it, he would not be guilty of carrying a pistol. See 44 Tex. Jur., Sec. 29, p. 470; Guy v. State, 170 S. W. 303, and authorities cited.

By proper bill of exception, it is made to appear that the court permitted the State to prove that the appellant, Frieze and Chandler all pleaded guilty to being intoxicated on the night in question. Appellant's objection thereto was based on the ground that such proof showed an extraneous offense and did not tend to establish his guilt of the offense for which he was being tried and was highly prejudicial. We are inclined to agree with him and believe there was error in permitting the introduction of such testimony. However, in view of the fact that the minimum punishment was inflicted, we might not be justified in reversing the case on that ground alone. See Irvine v. State, 100 S. W. 779.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.