Jimmy Lynn **WOOLF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42522.

Court of Criminal Appeals of Texas.

Jan. 14, 1970.

Jack Connell, Bowie, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is unlawfully carrying a pistol; the punishment, a fine of $100.00.

In grounds of error #1 and #4 appellant challenges the sufficiency of the evidence to sustain the conviction.

The record contains an agreed statement of the evidence. See Article 40.09, Sec. 14, Vernon's Ann. C.C.P.

Such agreed statement reads as follows:

"The testimony of the State's witnesses, Officers Evans and Duke being police officers of the City of Bowie, Texas, and waitress Denise Keith, was substantially as follows:

"That on or about 3:30 o'clock a. m. on November 10, 1968, in the Continental Trailways Restraurant in Bowie, Texas, Officers Evans and Duke entered said premises. That sitting at a booth in said restraurant was the defendant, Jimmy Lynn Woolf, aged 19, and three other boys, sitting 2 on each side, facing each other, with a Clois Green sitting on the opposite side of the booth from defendant, Jimmy Lynn Woolf. That the police officers, on leaving the cafe asked the boys to come outside and talk with them. Officer Evans, while outside the restraurant, saw Clois Green pass an object, which said officer identified as a pistol, under the table, which was received by Jimmy Lynn Woolf. The said Clois Green Left the table, went to the cash register and said something to waitress Keith. The three boys left the booth with defendant Woolf remaining seated. Officer Evans testified he saw waitress Keith go to where defendant was sitting in the booth and take the object identified as a pistol from Jimmy Lynn Woolf, taking it and placing it behind the counter of the cafe. The witness Evans testified that defendant

Woolf had the pistol for only a minute or two before he gave it to the waitress, the waitress testifying she had the pistol from the time she took it from Jimmy Woolf to the time the officers later got it from her—for 2, 3 or 4 minutes.

"The defendant Woolf, taking the stand, testified that the waitress picked it up out of the seat which would have been by the side of Clois Green had he remained seated in the booth. He testified that he did not ever have his hands on the pistol during this time.

"The defendant Woolf testified that he and the other boys were at the cafe, drinking coffee, waiting for it to get light enough so they could go deer hunting.

"The defendant Woolf testified that the pistol belonged to him, but that shortly after 12:00 o'clock midnight on the date in question, Clois Green, one of the boys with the group, had borrowed his pistol to take hunting with him, and did take said pistol. The only time that he, the defendant, had possession of the pistol was when they were stopped out in the pasture and he took the pistol from Green and shot at a rabbit by spotlight and handed the pistol back to Green.

"The witness Denise Keith further testified that Clois Green told her to go over to the booth, that Jimmy Lynn Woolf had something to give her. She inquired as to whether it was a bottle. Green answered no, but instructed her to sit in the booth opposite Woolf and put her hand under the table and Woolf would give her something. .She proceeded to the booth and did as instructed and Jimmy Woolf handed her the gun under the table."

It appears to be appellant's contention that the evidence, considered in light most favorable to the State, reflects only a momentary possession by the appellant of his own pistol and no intent to violate the law. He relies upon Davis v. State, 91 Tex.Cr. R. 156, 237 S.W. 925. In Davis the de-

fendant asked to look at an old pistol out of curiosity and was arrested before he could hand it back to the owner thereof. His only purpose in possessing it at the time was to look at it. There the Court in discussing the forerunner of Article 483, V.A.P.C., held that such statute had not been passed to punish one who had momentary possession of a pistol where the facts negative the intention to violate the law.

The fact that the pistol in question belonged to the appellant is undisputed. According to his own testimony, he had it in his possession until three hours or so prior to his arrest. In the interim he acknowledged that he fired the pistol while in a pasture. The State's evidence placed him in possession of the pistol in the cafe just prior to his arrest.

Appellant testified that he permitted his companion of the night and early morning, Clois Green, to borrow the pistol, that some time later he took the pistol from Green, fired it and returned it to Green. He denied ever having possession of the pistol at the cafe. There is no evidence appellant received and momentarily possessed his own pistol for some limited and innocent purpose at the time of the alleged offense in the bus station. Davis v. State, supra, is thus distinguishable. Nor can we agree that Baker v. State, 28 Tex.App. 5, 11 S.W. 676, or Fuller v. State, 58 Tex. Cr.R. 449, 126 S.W. 569, is here controlling.

The jury was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony and was authorized to accept or reject any or all of the testimony.

Considering the facts in the light most favorable to the State, we deem the evidence sufficient to support the jury's verdict. See Bryant v. State, Tex.Cr.App., 446 S.W.2d 869; Courtney v. State, Tex. Cr.App., 424 S.W.2d 440.

In grounds of error #2 and #3 appellant complains of the court's failure to respond to his special requested charges.

These grounds of error are presented solely by formal bills of exception. See Article 40.09, Sec. 6(a), V.A.C. C.P. Nowhere else in the record is there any evidence or even any indication that the special requested charges were presented in writing to the court prior to the reading of the charge to the jury in accordance with Article 36.15, V.A.C.C.P. Even the bills of exception fail to reflect they were presented in writing as required by the said article. Nothing appears to be presented for review. See Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931.

Even if before us, we cannot conclude that the court erred in refusing such requested charges. If supported by the evidence, such charges were not correct in principle, and at least one would have constituted a comment by the court on the weight of the evidence.

Grounds of error #2 and #3 are overruled.

The judgment is affirmed.