Ira RICHARDSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 52541.

Court of Criminal Appeals of Texas.

July 19, 1976.

Rehearing Denied Sept. 15, 1976.

Elmo R. Willard, III, on appeal only, Beaumont, for appellant.

Thomas L. Hanna, Dist. Atty., and Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty before the court to the offense of burglary on November 3, 1971. Punishment was assessed at six years probated.

During a recess at the hearing on the original motion to revoke appellant's probation on September 15, 1975, the State filed an amended motion to revoke appellant's probation alleging that appellant, in addition to other grounds previously alleged, violated the terms and conditions of his probation,

"By committing the offense of Unlawfully Carrying Weapon on Licensed Premises in that on or about July 28, 1975, in Jefferson County, Texas, the defendant did then and there, knowingly and intentionally carry on and about his person, a handgun, namely: a pistol on a premises licensed and issued a permit by the State of Texas for sale and consumption of alcoholic beverages, namely: Shorty's Tavern, 580 Forsythe, Beaumont, Jefferson County, Texas, . . . ."

Following the recess, the State agreed to abandon the foregoing ground which it had added by amendment, and the hearing was continued until October 1, 1975. On September 23, 1975, the State advised appellant it intended to proceed on the ground it had abandoned on September 15 and on October 1 counsel made known to the court that he had received such notice and amended motion.

The record reflects that after a hearing on October 1, 1975, the court entered an order revoking appellant's probation which contained a finding that appellant violated his probation by committing the offense of unlawfully carrying a weapon on licensed premises, the offense being set out as alleged in the State's amended motion to revoke.

Appellant contends, "The trial court committed reversible error in allowing the state to amend the motion to revoke probation to conform to the proof previously adduced, in violation of appellant's rights under the due process clause of the Fourteenth Amendment to the Constitution of the United

States and Article I, Section 19 of the Constitution of the State of Texas."

 Appellant urges that the trial court abused its discretion in that he deprived appellant of his rights under the due process clause by allowing the State to amend its motion at the first hearing to include a ground which was abandoned by the State, later reurged and formed the basis for revocation of appellant's probation.

It is not suggested that appellant did not have notice of the pleading upon which the court ultimately based its finding in revoking appellant's probation. See *Brewer v. State,* Tex.Cr.App., 473 S.W.2d 938. The two grounds alleged as a basis for revocation in the State's original motion, an aggravated assault on July 28, 1975, and an assault on July 28, 1975, appear to have arisen out of the same transaction which forms the basis for revocation in the amended motion. No request for a continuance was urged when the hearing was resumed on October 1. Under the foregoing circumstances, we cannot conclude that deprivation of due process resulted or abuse of discretion is shown on the part of the court.

Appellant contends that the trial court abused its discretion in revoking appellant's probation for the reason that the evidence "at best, shows a temporary possession of the weapon by appellant."

Appellant points to the fact that the evidence is "hotly contested" that appellant used a pistol in an assault upon one James McQuien Byrd in Shorty's Tavern, a beer joint, on the occasion in question. Byrd and Harrison Joseph, operator of Shorty's Tavern, testified that appellant had a gun, Joseph stating that he told appellant, "You're going to have to go" after he saw appellant with a gun. Byrd testified that appellant struck him with a gun. Appellant testified that he struck Byrd with a cigarette lighter and other witnesses offered by appellant stated that appellant did not have a pistol.

■ The trial judge, as the trier of the facts, could accept or reject any or all of any witness' testimony. *Palafox v. State,*

Tex.Cr.App., 509 S.W.2d 846; *Williams v. State,* Tex.Cr.App., 506 S.W.2d 868.

■ We find appellant's reliance on *Walker v. State,* 149 Tex.Cr.App. 438, 195 S.W.2d 363; *Fretwell v. State,* 52 Tex.Cr.R. 499, 107 S.W. 837; and *Hicks v. State,* 66 Tex.Cr.R. 176, 145 S.W. 938 for the proposition that only a temporary possession of the pistol is shown to be misplaced. It would appear to be appellant's position that the State bears the burden of showing that appellant had the pistol in his possession when he came upon the premises and when he departed the premises. *Walker* resulted in reversal for failure to instruct the jury that if defendant obtained the pistol from his wife in the nightclub prior to displaying same he would not be guilty of carrying the pistol. In *Hicks* and *Fretwell,* it was undisputed that the defendants had only momentary possession of a pistol. In the instant case, there was sufficient evidence from which the court could have concluded that appellant was carrying a pistol on the premises in question.

We find the evidence sufficient to support the trial court's finding and conclude that the court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.