**Sharon Kay LINVEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00116–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 11, 1981.

Margaret Hegboum, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and WHITHAM and GUILLOT, JJ.

WHITHAM, Justice.

This is an appeal from a conviction, after jury trial, of the unlawful carrying of a weapon. Punishment was assessed at thirty days in jail, probated for six months. We affirm.

Appellant and three other people were riding in a car; the driver and a passenger were in the front seat; a man named Pierce was in the back seat behind the driver; and appellant was in the back seat beside Pierce. A police officer saw the car weaving through traffic, turned on his overhead lights and began following the car. At trial the officer testified that when the car stopped he walked toward it and saw Pierce lean toward appellant. He testified that appellant then leaned back and stuffed something into her pants. After talking to the driver of the car, the officer asked appellant to step out of the car. According to the officer, as appellant stepped out of the car her purse, which was lying on the seat of the car to her right between her and the side of the car, fell open and a gun fell partially out. After the officer arrested appellant, she gave him a bag of marijuana she had hidden in her slacks.

Both appellant and the driver of the car testified that when told the police were following the car, Pierce announced he had a gun. According to appellant's testimony, Pierce first dropped the gun on the floor then picked it up, handed it to her and said "here, take it, put it in your purse. He won't search it." Appellant admitted that she took the gun and put it in her purse.

Appellant maintains that the trial court erred in denying her motion for an instructed verdict of acquittal. She argues that some degree of asportation of a weapon (in the sense of moving it from one place to another) is required before an offense is committed under Tex. Penal Code Ann. § 46.02 (Vernon 1974) and, because the evidence shows that she did not asport the gun, the trial court should have found her not guilty as a matter of law. We do not agree.

Tex. Penal Code Ann. § 46.02(a) (Vernon 1974) provides: "A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." "Carrying" is not defined in the penal code, nor was it defined in any of the former penal codes, although the language of § 46.02, is substantially the same as that used in the Texas penal codes since 1879 with the addition of a requirement that a weapon be carried knowingly, intentionally, or recklessly. We are thus called upon to decide whether "carrying" must be interpreted to mean "asportation" as asserted by appellant.

A survey of the cases decided under the prior penal codes reveals a line of cases which, at first glance, seem to support appellant's contention that carrying a weapon must involve some degree of asportation. *See, e.g., Davis v. State*, 91 Tex.Cr. 156, 237 S.W. 925 (1922) (defendant took a gun from another to look at it); *Guy v. State*, 74 Tex.Cr. 620, 170 S.W. 303 (1914) (another handed a gun to defendant who fired it then dropped it); *Hicks v. State*, 66 Tex.Cr. 176, 145 S.W. 938 (1912) (defendant picked up a gun, shot it, and another then took the gun away from him); *Fretwell v. State*, 52

Tex.Cr. 499, 107 S.W. 837 (1908) (another handed a gun to defendant who fired it then gave it back). In each of these cases there was no asportation of the weapon and the conviction in each was reversed. A close reading of the cases, however, reveals that the rationale relied on by the courts was not that the lack of asportation mandated reversal; rather, the opinion in each case shows that reversal was required because each defendant retained only momentary possession of the weapon without intent to exercise care or control over the weapon.

Further investigation also reveals another line of cases in which each defendant did, in fact, asport the weapon yet the convictions were reversed because the possession was only momentary and there was no showing of intent to retain control over the weapon. See, e.g. Pyka v. State, 80 Tex.Cr. 644, 192 S.W. 1066 (1917); Fuller v. State, 58 Tex.Cr. 449, 126 S.W. 569 (1910); Sanderson v. State, 23 Tex.Cr. 520, 5 S.W. 138 (1887). When these two lines of cases are compared it becomes apparent that asportation or lack of asportation is not the determining factor in upholding a conviction for unlawfully carrying a weapon.

The case of Henson v. State, 134 Tex.Cr. 472, 116 S.W.2d 393 (1938) does support appellant's contention that asportation of a weapon is required before a conviction for unlawfully carrying a weapon can be upheld. In that case the defendant and two others were arrested in a parked car and a gun was found under the defendant's shirt. The defendant testified that the gun was on the floor of the car and, when the police approached, the driver of the car asked the defendant to hide the gun, which he did. The Court of Criminal Appeals reversed the conviction on the ground that the trial court improperly overruled defendant's motion for a continuance, stating that had the facts been as defendant contended he would not be guilty of unlawfully carrying a weapon.

More recent cases, however, decided under the present penal code, indicate that the Court of Criminal Appeals has declined to follow the holding of Henson. In those recent cases, the court fails to cite Henson as it presumably would have done had it determined that asportation is required. Rather, the recent cases suggest that asportation of a weapon is not required before an offense is committed under § 46.02. In Tijerina v. State, 578 S.W.2d 415 (Tex.Cr.App. 1979), the Court of Criminal Appeals upheld a conviction for unlawfully carrying a weapon where the defendant was found lying asleep in a parked car and a gun was found in his pocket. Likewise, in Hazel v. State, 534 S.W.2d 698 (Tex.Cr.App.1976), a conviction was upheld where a gun was found on the floor of the parked car in which the defendant was sitting. In neither of these cases was there any suggestion that the weapons were moved. It is apparent, therefore, that asportation is not required in order to uphold a conviction for unlawfully carrying a weapon. This ground of error is overruled.

■ Appellant next urges that the trial court erred in submitting a charge on the law of the parties to the jury. According to appellant, even if Pierce was unlawfully carrying the gun, once he handed the gun to appellant the offense was complete and appellant could not have been a party to the crime. We disagree.

Tex. Penal Code Ann. § 46.02(a) (Vernon 1974) prohibits the carrying of a weapon on or about the person. In order to have the gun on or about his person Pierce need not have had actual, physical possession of it. It is sufficient that the weapon was nearby, close at hand, convenient of access and within such a distance that he could reach it without materially changing his position. Courtney v. State, 424 S.W.2d 440 (Tex.Cr. App.1968) citing Spears v. State, 112 Tex. Cr.App. 506, 17 S.W.2d 809. Because Pierce could have leaned over appellant and retrieved the gun, the jury could properly find that he continued to carry the gun on or about his person. By accepting the gun and hiding it in her purse, the jury could also find that appellant aided Pierce in the commission of the offense and became criminally responsible under Tex. Penal Code

Ann. § 7.02(a) (Vernon 1974) for his conduct. The trial court did not err in submitting a charge on the law of parties to the jury. This ground of error is overruled.

Affirmed.