**Alejos AGUILAR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00126–CR.**

Court of Appeals of Texas,
San Antonio.

May 21, 1986.

Raymond Rangel, San Antonio, for appellant.

Sam Millsap, Jr., Eduardo J. Garcia, Mary E. Hernandez, Edward F. Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

Appellant was found guilty, after a bench trial, of unlawfully carrying a weapon on licensed premises. Imposition of sentence was suspended and appellant placed on probation for three (3) years.

In his sole ground of error, appellant alleges that the evidence is insufficient to sustain the conviction. Particularly, appellant asserts the evidence is insufficient to show that he was "carrying" a pistol and in fact, only shows that he had momentary possession of the pistol.

Viewing the evidence in the light most favorable to the State, the testimony shows that security officer Max Castillo was employed at Bananas pool hall in San Antonio on the date in question. Bananas had a permit issued by the State for the sale of alcoholic beverages. Responding to information that an altercation was occurring, Castillo left the interior of the establishment and went to the parking lot. He saw one man holding a .32 caliber revolver at another man's head. Castillo drew his weapon and told the man to drop the revolver. The man dropped or threw the revolver down on the ground near a truck.

Appellant was standing by this truck. Appellant picked up the revolver and pointed it at Castillo. Castillo fired one shot. Appellant dropped to the ground. Appellant then stood up, dropped the gun and surrendered to Castillo. Although he could not be definite, Castillo indicated the total time that appellant had the weapon in his hand was for approximately seven seconds.

Historically, there are cases which support appellant's contention that a momentary possession of a pistol, even if fired, is insufficient evidence to support a conviction for unlawfully carrying a handgun on or about his person. *See Walker v. State*, 149 Tex.Cr.R. 438, 195 S.W.2d 363 (1946); *Henson v. State*, 134 Tex.Cr.R. 472, 116 S.W. 393 (1938); *Guy v. State*, 74 Tex. Crim. 620, 170 S.W. 303 (1914); *Hicks v. State*, 66 Tex.Crim. 176, 145 S.W. 938 (1912); *Fretwell v. State*, 52 Tex.Crim. 499, 107 S.W. 837 (1908); *Cathey v. State*, 23 Tex.App. 492, 5 S.W. 137 (1887); *Sanderson v. State*, 23 Tex.App. 520, 5 S.W. 138 (1887).

The continued viability of momentary possession as a challenge to the sufficiency of the evidence for unlawfully carrying appears to have been recognized in a case involving a probation revocation based upon a violation of TEX. PENAL CODE ANN. § 46.02(a), (c) (Vernon 1974). *See Richardson v. State*, 540 S.W.2d 326 (Tex. Crim.App.1976). In rejecting the defendant's claim, the court stated:

> ... In *Hicks* and *Fretwell*, it was undisputed that the defendants had only momentary possession of a pistol. In the instant case, there was sufficient evidence from which the court could have concluded that appellant was carrying a pistol on the premises in question.

*Richardson v. State*, 540 S.W.2d at 328.

The claim of momentary possession advanced in *Richardson* was not rejected in principle but rejected based upon the particular facts of the case evidencing more than momentary possession.

More recently, in *Christian v. State*, 686 S.W.2d 930 (Tex.Crim.App.1985) the court strongly intimated that the phrase "carries on or about his person," in TEX. PENAL CODE ANN. § 46.02(a), denotes a concept involving asportation or conveyance. The court further intimated that mere possession alone is not to be equated with carrying. *See Christian v. State*, 686 S.W.2d at 932, 933 and *Taylor v. State*, No. 64,163 (Tex.Crim.App.—April 25, 1984).

In the instant cause, the State only proved that appellant had momentary possession of the pistol. There is no evidence appellant carried the weapon or had the weapon in his possession at any other time than during the brief confrontation in the parking lot. In light of the authorities previously cited herein, we are constrained to hold that such evidence is insufficient to support appellant's conviction for unlawfully carrying a weapon on licensed premises.

Accordingly, the judgment is reversed and the cause is remanded to the trial court with instructions to enter an acquittal.