## BEN PICKETT v. THE STATE.

### No. 210.   Decided December 1, 1909.

**Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial for unlawfully carrying a pistol, the evidence showed that the defendant carried the pistol to a picnic in a wagon, and at the picnic took the same from the wagon and carried it some distance to where a difficulty was taking place, and stuck it in another's pocket, who at once took the pistol and dropped it on the ground, the conviction was supported by the evidence.

Appeal from the County Court of Williamson.   Tried below before the Hon. T. J. Lawhon.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Luke Mankin,* for appellant.—Cited cases in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Ben Pickett was convicted on a trial before the court without the intervention of a jury in Williamson County, on July 12, of this year, of unlawfully carrying arms on and about his person.

The sole ground of the motion for new trial is that the judgment of the court is unsupported by the testimony.   There are two bills of exception in the record, but the matters therein referred to are not of sufficient consequence to require discussion.   The State introduced two witnesses.   Cornelius Johnson testified that in company with others he went from the town of Taylor in May, of this year, to a negro picnic near the town of Hutto; that he and others went to the picnic in a wagon; that appellant had a pistol at the picnic; that when he, witness, first saw it he was at the wagon which appellant came in and that he saw a little grip and asked appellant who had brought the grip, and appellant said he did; that appellant opened it to give him a cigar and he saw the pistol; that some time after this a fight occurred between Emmett Wilson and a Hutto negro about a hundred yards from the wagon in which appellant came; that a short time after this defendant brought the pistol to where Emmett Wilson and the witness were standing and put it in Wilson's pocket, and told him that he might need it, because he, appellant, was going home and Wilson was going to stay till after night; that Wilson at once took the pistol from his pocket and stuck it in witness' pocket and that he took the pistol out and threw it on the ground; that when he threw the pistol on the ground he told appellant that he would get into trouble; that a little negro picked it up and carried it back to the wagon.   Emmett Wilson testified that he was at the picnic and had some trouble with a Hutto negro and while standing about ten or twelve steps from where the trouble occurred and shortly thereafter, appellant brought a pistol and stuck it in his pocket and told him that he was going home, but that he, Wilson, was going to stay after night and might need it; that he, Wilson, at once took it and stuck it in Cornelius Johnson's pocket, who at once took it out and dropped it on the ground.   This is all the testimony.   Appellant relies, to sustain his contention that the verdict of the jury is unsupported by the evidence, upon the cases of Cathey v. State, 23 Texas

Crim. App., 492; Sanderson v. State, 23 Texas Crim. App., 520, and George v. State, 29 S. W. Rep., 386. In all those cases the pistol was not taken from the wagon in which it was being carried. Here the pistol was carried to the picnic in a wagon, but was by appellant taken from the wagon to a point something like a hundred yards to where the witnesses named above were standing. Just how long he had it on his person before handing it to his friend the record does not disclose. He had the pistol on and about his person and away from the wagon on the picnic ground. In this state of the case we do not think he is entitled, as a matter of law, to an acquittal. Snider v. State, 43 S. W. Rep., 84; Thompson v. State, 48 Texas Crim. Rep., 146, 86 S. W. Rep., 1033. So believing the judgment of conviction is hereby in all things affirmed.

*Affirmed.*