**Thomas Ray BOHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01240–CR.**

Court of Appeals of Texas, Dallas.

Feb. 10, 1983.

Jack W. Frieze, Irving, for appellant.

Henry Wade, Dist. Atty., W.T. Westmoreland, Asst. Dist. Atty., for appellee.

Before CARVER, FISH and MALONEY, JJ.

FISH, Justice.

Thomas Ray Bohn appeals his conviction, after a non-jury trial, of unlawfully carrying a weapon, for which he was sentenced to confinement of 30 days (probated) and a fine of $400. Although appellant admitted

all elements of the offense during his trial testimony, he argues to us that his guilt was not established for two reasons: first, because he believed that he was acting as an appointed peace officer, and second, because his possession of the prohibited weapon was only momentary. We are unpersuaded that we should recognize these exceptions to culpability because, on the facts presented here, neither has support in the express language of the statutes nor in previous court construction of that language. Consequently, we affirm the judgment of the trial court.

### Undisputed Facts

The facts are not in dispute. During the early morning hours of June 8, 1981, a Dallas police officer saw appellant on the parking lot of a local club holding in his hand what appeared to be a gun. As the officer approached him, appellant put the object in his rear pants pocket and pulled his shirt tail down over it. The officer asked what appellant had placed in his pocket and recovered a club described as a blackjack or black leather slapper.

Before the arrival of the officer, appellant was assisting a private security guard on duty at the club with a disturbance involving an intoxicated customer. The security guard had asked the customer to leave; the customer not only refused, but armed himself with a two-by-four piece of wood, which he brandished "like a baseball bat." When the customer was reinforced by the arrival of a friend from inside the club, the guard requested appellant's assistance and handed him the blackjack for protection. The confrontation lasted until the customers left, a period of several minutes.

Although appellant had a commission as a private security guard, he was not on duty or in uniform on this occasion. He had worked at this club, but on this particular night he was there as a customer to visit the guard on duty. Appellant had the prohibited weapon in his possession a total of ten to twelve minutes from the time the guard gave it to him until the police officer recovered it.

### Appellant's Belief that He Was Acting as an Appointed Peace Officer

■ Appellant first argues that he believed that the security guard he was aiding had appointed him a peace officer, and that this good faith belief relieved him of culpability. We assume that this argument is founded on § 8.02 of the Penal Code,[1] although appellant has not referred to this statute either in his brief or at oral argument. Mistake of fact is thus a species of defense governed by § 2.03(a) of the Penal Code.[2] Such a defense must be raised by the evidence and submitted to the trier of fact. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Cr.App.1978). As the finder of fact, the trial judge was not required to believe the appellant's defensive evidence, even if it was not controverted. *Evers v. State,* 576 S.W.2d 46, 50 (Tex.Cr.App.1978); *Porter v. State,* 388 S.W.2d 422, 423 (Tex.Cr.App. 1965); *Johnson,* 571 S.W.2d at 173. From the judgment of guilty, we presume that he did not.

■ Even if the trial court had believed appellant's evidence, we conclude that the private security guard whom appellant was aiding before his arrest was not a peace officer. Therefore, appellant's argument that he was legally obligated to assist a peace officer,[3] indeed could be criminally

---

**1.** Mistake of Fact
(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense. Tex.Penal Code Ann. § 8.02 (Vernon 1974).

**2.** Defense
(a) A defense to prosecution for an offense in this code is so labeled by the phrase: "It is a

defense to prosecution ...." Tex.Penal Code Ann. § 2.03 (Vernon 1974).

**3.** May summon aid
Whenever a peace officer meets with resistance in discharging any duty imposed upon him by law, he shall summon a sufficient number of citizens of his county to overcome the resistance; and all persons summoned are bound to obey. Tex.Code Crim.Pro.Ann. art. 2.14 (Vernon 1977).

prosecuted for failing to do so,[4] must necessarily fail.

The Penal Code defines "peace officer" as "a person so designated by the Code of Criminal Procedure, 1965." Tex.Penal Code Ann. § 1.07(a)(25) (Vernon 1974). Referring to article 2.12 of the Code of Criminal Procedure, appellant asserts that private security guards qualify as peace officers under subdivision (13).[5]

We are unwilling to interpret article 2.12(13), as appellant does, in such a way that the word "municipal" modifies only "park and recreational patrolmen" but not "security officers." Not only is that grammatical construction unnatural (requiring also, to give it the meaning appellant would, the implied addition of the word "private" before "security officers"), but it is also an unlikely meaning in light of the statutory history recently traced in *Christopher v. State,* 639 S.W.2d 932, 939 n. 9 (Tex.Cr.App.1982) (*en banc*) (Clinton, J., dissenting).

A review of other statutes confirms our conclusion that the "security officers" mentioned in article 2.12(13) are not private security officers like those involved here. Section 46.02 of the Penal Code, the statute that denounces the unlawful carrying of weapons on which this prosecution was based, is made inapplicable to peace officers in all circumstances but to private security officers only if they are on duty, in uniform, and the weapon is in plain view. *Compare* Tex.Penal Code Ann. §§ 46.03(2) & 46.03(5) (Vernon Supp.1982–1983) *with* Tex.Penal Code Ann. § 46.03(6) (Vernon Supp.1982–1983).[6] Obviously, if private security officers were peace officers, the conditions imposed by § 46.03(2) and § 46.03(5) need never be satisfied, because the blanket exemption of § 46.03(6) would always be available.

Moreover, the licensing and regulatory statute for private security officers, Tex. Rev.Civ.Stat.Ann. art. 4413(29bb), § 2(13) (Vernon Supp.1982–1983), defines "private security officer" as

> any individual employed by a security services contractor or the security department of a private business to perform the duties of a security guard, security watchman, [or] security patrolman . . . .

The statute does not apply, however, to a person who has full-time employment as a *peace officer as defined by Article 2.12, Code of Criminal Procedure, 1965,* who receives compensation for private employment on an individual or independent contractor basis as a patrolman, guard, or watchman . . . [provided certain other conditions are met]

*Id.* § 3(a)(3) (emphasis added). If we were to accept appellant's construction of article 2.12(13), so that all private security officers are by definition peace officers, then the

---

**4. Person refusing to aid**
The peace officer who has summoned any person to assist him in performing any duty shall report such person, if he refuses to obey, to the proper district or county attorney, in order that he may be prosecuted for the offense. Tex. Code Crim.Pro.Ann. art. 2.15 (Vernon 1977).

**5. Who are Peace Officers**
The following are peace officers:
* * * * * *
(13) municipal park and recreational patrolmen and security officers;
* * * * * *
Tex.Code Crim.Pro.Ann. art. 2.12 (Vernon 1977).

**6. Non-Applicable**
The provisions of Section 46.02 of this code [unlawful carrying weapons] do not apply to a person:
* * * * * *
(2) on his own premises or premises under his control unless he is an employee or agent of the owner of the premises and *his primary responsibility is to act in the capacity of a private security guard to protect persons or property, in which event he must comply with Subdivision (5) of this section;*
* * * * * *
(5) who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:
(A) he is engaged in the performance of his duties as a security officer or traveling to and from his place of assignment;
(B) he is wearing a distinctive uniform; and
(C) the weapon is in plain view . . .
(6) who is a peace officer
Tex.Penal Code Ann. § 46.03 (Vernon Supp. 1982–1983) (emphasis added).

statute enacted to regulate private security officers would not, by its own terms, be applicable to most of them.

Viewing appellant's construction of article 2.12(13) in the context of these other statutes demonstrates to our satisfaction the unreasonableness of that construction. Accordingly, we hold that the private security officer here involved, who was licensed under Tex.Rev.Civ.Stat.Ann. art. 4413(29bb) (Vernon 1976 & Supp.1982–1983) is not a peace officer under Tex.Code Crim.Pro. Ann. art. 2.12(13) (Vernon 1977) and that, as a result, he could not have appointed appellant as a peace officer to assist him.

### Was Appellant's Possession of the Club Merely Temporary?

Appellant next argues that § 46.02 of the Penal Code does not prohibit temporary possession of, as distinguished from carrying, a weapon. He cites numerous cases for the proposition that temporary possession of a weapon, for an innocent purpose, does not constitute an offense. Illustrative of the cases he relies on are *Brooks v. State,* 15 Tex.Cr. 88, 89 (1883) ("if the defendant . . . merely picked up the pistol and immediately replaced it, such act . . . would not be 'having or carrying the pistol about his person' within the meaning of the law"); *Cathey v. State,* 23 Tex.Cr. 492, 5 S.W. 137, 138 (1887) ("we do not think the lifting of the pistol . . ., and the holding of it for a few seconds, constitutes the offense of carrying a pistol on or about the person") and *Baker v. State,* 28 Tex.Cr. 5, 11 S.W. 676, 677 (1889) ("But if Julius Baker left the pistol in the barn, and defendant merely went to the barn, got the pistol, and handed it to Julius, he would not be guilty"). All of these cases were decided before adoption of the present Penal Code, and the language quoted from them is often, if not always, *dictum.*

Other cases, not cited by appellant, have restricted application of the "temporary possession" defense to a situation where the accused's "possession of the weapon was momentary and for an innocent purpose, and the dominion and control of the owner and person carrying same was not lost." *Schuh v. State,* 58 Tex.Cr. 165, 124 S.W. 908, 909 (1910) (trial court properly refused jury charge on temporary possession where appellant took pistol from its owner, walked 90 feet to fire it off, and returned and handed it back to owner). *See also Kmiee v. State,* 108 Tex.Cr. 604, 2 S.W.2d 252, 253 (1928) (jury charge on temporary possession properly refused, and evidence sufficient to support his conviction, where appellant had pistol given him by friend in his possession for 30–40 minutes before surrendering it to another for safekeeping); *Pickett v. State,* 57 Tex.Cr. 350, 123 S.W. 131 (1909) (appellant not entitled to acquittal, as a matter of law, where he took pistol 100 yards from wagon in which he had brought it to picnic and had it on his person for some time before giving it to friend). *Cf. Pyka v. State,* 80 Tex.Cr. 644, 192 S.W. 1066, 1067 (1917) (appellant's conviction reversed where evidence showed only that appellant picked up pistol he found on ground during fight, hit antagonist with it, and threw it back down) (survey of cases).

Although some cases suggest that "carrying includes some sort of transport and that possession alone is not carrying," *see* Tex. Penal Code Ann. § 46.02 Practice Commentary (Vernon 1974), this court recently rejected a contention that carrying a prohibited weapon requires more than mere possession. *Linvel v. State,* 629 S.W.2d 94, 95–96 (Tex.App.—Dallas 1981, no writ).

In the present case, the trial court found by written opinion that the appellant's possession of the weapon was more than momentary and that "the facts of this case are not in harmony with those cases . . . which held that temporary possession of a weapon was not an offense." Given the evidence that appellant had the club for twelve minutes and never voluntarily relinquished it, even after arrival of the police officer, we cannot say that the trial court erred in this conclusion.

Affirmed.