

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 3, 1995

Honorable John B. Holmes, Jr.
Harris County District Attorney
201 Fannin, Suite 200
Houston, Texas 77002-1901

Opinion No. DM-327

Re: Whether private security guards and off-duty peace officers are prohibited from carrying firearms on the premises of racetracks by section 46.03 of the Penal Code (RQ-699)

Dear Mr. Holmes:

You ask whether an off-duty peace officer is prohibited from carrying a firearm on the premises of a racetrack. Your specific query is as follows:

> May a peace officer, not working at the time for a governmental entity, but employed in an off-duty status or "extra-job" capacity for the purposes of providing security to his off-duty employer, a racetrack, go [onto] the premises of a racetrack with a firearm?

You also ask whether private security guards are prohibited from carrying firearms on the premises of racetracks. Since this office received your request, the revised Penal Code has gone into effect. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Sess. Law Serv. 3589, 3690-91. The provision that you asked about, former Penal Code section 46.04, has been amended and renumbered as section 46.03. *See id.* Other provisions relevant to your query have also been amended and renumbered.

Subsection (a) of section 46.02 of the Penal Code generally prohibits the carrying of a handgun. Subsection (b) of section 46.02 provides that

> [i]t is a defense to prosecution under this section that the actor was, at the time of the commission of the offense . . .

> (5) a person who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:

> (A) he is engaged in the performance of his duties as a security officer or traveling to and from his place of assignment;

> (B) he is wearing a distinctive uniform; and

> (C) the weapon is in plain view; or

> (6) a peace officer[1], other than a person commissioned by the Texas State Board of Pharmacy.

*See* Penal Code § 46.02(b) (footnote added).[2]

Section 46.03 of the Penal Code, the particular statute about which you inquire, provides as follows:

> (a) A person commits an offense if, with a firearm . . . he *intentionally, knowingly, or recklessly goes:*
>
> (1) on the physical premises of a school, an educational institution, or a passenger transportation vehicle of a school or an educational institution, whether the school or educational institution is public or private, unless pursuant to written regulations or written authorization of the institution;
>
> (2) on the premises of a polling place on the day of an election or while early voting is in progress;
>
> (3) in any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court;
>
> (4) *on the premises of a racetrack*, or

---

[1]The Penal Code defines the term "peace officer" in reference to article 2.12 of the Code of Criminal Procedure. *See* Penal Code § 1.07(a)(36). Private security guards are not peace officers within this definition. *See Bohn v. State*, 651 S.W.2d 274, 275-76 (Tex. App.--Dallas 1983, no writ) (discussing former Penal Code section 1.07(a)(25) which has been renumbered as Penal Code section 1.07(a)(36)).

"Stewards and judges employed by the Texas Racing Commission" were "peace officers" under subsection (21) of article 2.12 until 1991 when the Seventy-second Legislature replaced the words "stewards and judges" with "investigators." *See* Act of May 22, 1991, 72d Leg., R.S., ch. 386, § 70, 1991 Tex. Sess. Law Serv. 1444, 1466-67. Prior to 1991, section 11.01 of the Texas Racing Act, V.T.C.S. art. 197e, provided that the primary duty of "stewards and judges" was to enforce of the act, and continued as follows: "Each steward or judge may exercise the authority of a peace officer to enforce any penal provision of law while in the course of that person's employment, if the steward or judge is in, on, or about any greyhound racing or horse racing enclosure under this Act." This language was deleted in 1991 and replaced with the following: "The commission may commission as many investigators as the commission determines necessary to enforce this Act and the rules of the commission. . . . Each commissioned investigator has the powers of a peace officer, and shall make and execute a bond as required by the commission." *See id.* § 49, at 1460.

[2]This office concluded that the former section 46.03 exception for peace officers exempted them from prosecution under former section 46.02 regardless of where in the state they might have been or whether they were on or off duty. *See* Attorney General Opinion JM-613 (1986). We do not consider here whether the revision of section 46.02, consolidating former sections 46.02 and 46.03, changes that conclusion.

(5) into a secured area of an airport.

(b) It is a defense to prosecution under Subsections (a)(1)-(4) that the actor possessed a firearm *while in the actual discharge of his official duties as a peace officer* . . . .

(f) An offense under this section is a third degree felony. [Emphases added.]

This section permits peace officers to carry firearms on the premises of racetracks while in the actual discharge of their official duties. Investigators employed by the Texas Racing Commission are clearly peace officers under this provision. *See* note 1 *supra*. You are concerned, however, that this provision precludes private security guards and off-duty peace officers from carrying firearms on the premises of racetracks.

The legislature added subsection (a)(4) regarding racetrack premises to former section 46.04, now renumbered as section 46.03, in 1989. *See* Act of May 27, 1989, 71st Leg., R.S., ch. 749, § 2, 1989 Tex. Gen. Laws 3332. In 1991, the legislature amended subsection (b) of former section 46.04 to provide that the defense afforded to peace officers while in the discharge of their actual duties applied to subsection (a)(4). *See* Act of May 18, 1991, 72d Leg., R.S., ch. 386, § 71, 1991 Tex. Sess. Law Serv. 1444, 1467; Act of May 18, 1991, 72d Leg., R.S., ch. 433, § 1, 1991 Tex. Sess. Law Serv. 1597. Based on the insertion of racetracks into former section 46.04 and a review of the legislative history and prior cases, you conclude that

> peace officers, while working at the time for a governmental entity, but employed in an off-duty status or "extra-job" capacity for the purposes of providing security to his off-duty employer, a racetrack, may not go [onto] the premises of a racetrack with a firearm.

You also conclude that private security guards are prohibited from carrying firearms on the premises of racetracks.

We agree with your conclusion. First, we believe it is mandated by the statutory language. Subsection (b) of section 46.03 provides a defense for peace officers only while in the discharge of their official duties. To conclude that peace officers are excepted from section 46.03 when they are off-duty would be contrary to the unambiguous language of subsection (b). In addition, section 46.03 simply does not provide a defense for private security guards, and thus clearly prohibits private security guards from carrying firearms on the premises of a racetrack under any circumstances. Furthermore, to graft the exception for private security guards and peace officers in section 46.02(b) onto section 46.03 would clearly run counter to the legislature's intent to treat the places listed in section 46.03 differently than all other places. Moreover, section 46.02(b) on its face operates to enumerate exceptions only to section 46.02(a).

In Attorney General Opinion JM-613, this office considered the relationship between the exception for peace officers to the general misdemeanor offense for carrying

firearms set forth in former section 46.03, now section 46.02(b), and the defense for peace officers to the felony offense for carrying firearms in schools, polling places, and courts set forth in former section 46.04, now section 46.03. *See* Attorney General Opinion JM-613 (1986) at 5. It stated as follows: "If the legislature [in enacting former section 46.03] had intended peace officers to be protected from prosecution in other situations only when in the actual discharge of official duty, we believe it would have specified the circumstances, as it did in [former] section 46.04." *Id.* Attorney General JM-613 further supports our conclusion that the defense to former section 46.04, now section 46.03, for peace officers in the discharge of their official duties is much more limited than the general exception for peace officers provided by former subsection (a)(6) of section 46.03, now section 46.02(b)(6).

Second, we have reviewed the legislative history of subsections (a)(4) and (b) of section 46.03,[3] and we agree with your assessment that there is no evidence of legislative intent indicating that the legislature did not intend to preclude private security guards and off-duty peace officers from possessing handguns on the premises of racetracks. The bill analyses suggest that the legislature inserted subsection (a)(4) into former section 46.04, now section 46.03, in order to make the possession of a firearm on the premises of a racetrack a third degree felony. *See* House Comm. on Urban Affairs, Bill Analysis, H.B. 1293, 71st Leg. (1989); Senate Comm. on Criminal Justice, Bill Analysis, H.B. 1293, 71st Leg. (1989). The legislature does not appear to have considered how this amendment would affect racetrack security.[4] We realize that the prohibition against the carrying of firearms by private security guards and off-duty peace officers on the premises of racetracks may have been an unintended result of the amendment. There is nothing in the legislative history from which we could conclude that the legislature intended otherwise,[5]

---

[3]*See* House Comm. on Urban Affairs, Bill Analysis, H.B. 1293, 71st Leg. (1989); Hearings on H.B. 1293 Before the House Comm. on Urban Affairs, 71st Leg. (April 25, 1989) (tape available through House Video/Audio Services Office); Senate Comm. on Criminal Justice, Bill Analysis, H.B. 1293, 71st Leg. (1989); Hearings on H.B. 1293 Before the Senate Comm. on Criminal Justice, 71st Leg. (May 23, 1989) (tape available through Senate Staff Services Office); House Comm. on Urban Affairs, Bill Analysis, H.B. 2263, 72d Leg. (1991); House Research Organization, Bill Analysis, H.B. 2263, 72d Leg. (1991); House Comm. on Criminal Jurisprudence, Bill Analysis, H.B. 44, 72d Leg. (1991); House Research Organization, Bill Analysis, H.B. 44, 72d Leg. (1991).

[4]Indeed, the legislature in 1989 did not make even the defense for peace officers while in the discharge of their official duties applicable to the carrying of firearms on the premises of racetracks, *see* Act of May 27, 1989, 71st Leg., R.S., ch. 749, § 2, 1989 Tex. Gen. Laws 3332, and had to amend former section 46.04, now section 46.03, in 1991 to so do, *see* Act of May 18, 1991, 72d Leg., R.S., ch. 386, § 71, 1991 Tex. Sess. Law Serv. 1444, 1467; Act of May 18, 1991, 72d Leg., R.S., ch. 433, § 1, 1991 Tex. Sess. Law Serv. 1597.

[5]As noted above, in 1991, the legislature revisited this issue and amended former section 46.04, now section 46.03, to make the subsection (b) defense for peace officers while in the actual discharge of their official duties applicable to carrying firearms on the premises of racetracks. *See* note 4 *supra*. It is notable that when doing so the legislature did not amend the statute to permit private security guards and off-duty peace officers to carry firearms on the premises of racetracks.

however, especially in light of the unambiguous statutory language to the contrary. Furthermore, if we were to conclude that private security guards and off-duty peace officers are not prohibited from carrying firearms on the premises of racetracks, the logical result would be to permit them to carry firearms on the other premises enumerated in section 46.03, *i.e.*, schools, polling places, and courts, which the legislature obviously *did not* intend.

For the foregoing reasons, we must abide by the plain and unambiguous meaning of the statute and conclude that private security guards and off-duty peace officers are prohibited from carrying firearms on the premises of racetracks by section 46.03 of the Penal Code. It is not within the power of this office to read subsection (a)(4) out of section 46.03 or to broaden the statute's very limited defense for peace officers in the actual discharge of their official duties. We urge the legislature to assess whether existing law permits adequate security for racetracks.

### S U M M A R Y

Private security guards and off-duty peace officers are prohibited from carrying firearms on the premises of racetracks by section 46.03 of the Penal Code. Peace officers, including investigators employed by the Texas Racing Commission, may carry firearms on the premises of racetracks while in the actual discharge of their official duties. *See* Penal Code § 46.03(b); Code of Crim. Proc. art. 2.12(21).

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General