David THOMPSON, Appellant,

v.

CHEROKEE WATER COMPANY, Appellee.

No. 06–99–00029–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 21, 1999.

Decided Nov. 5, 1999.

Kenneth L. Ross, Ross, Hudgens & Associates, Longview, for appellant.

David James Bush, Ken W. Good, Buchanan & Kent, P.C., Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

David Thompson sued his employer, Cherokee Water Company, for wrongful termination. Thompson contended that Cherokee terminated his employment because of his refusal to violate the law, and that his termination was therefore wrongful under an exception to the employment at will doctrine. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733 (Tex.1985). The trial court rendered summary judgment against Thompson. We affirm the judgment.

Thompson was a private security officer who worked exclusively for Cherokee. Cherokee is a corporate residential community that currently has over 700 residents who live around Lake Cherokee in Gregg and Rusk Counties. Thompson is certified as a peace officer and is also a reserve deputy of the Gregg County Sheriff's Department. It is undisputed that Thompson was an at-will employee of Cherokee. It is also undisputed that, at all relevant times, Cherokee had a written policy, modified by an oral directive, that prohibited its security officers from responding to calls or engaging in activities off Cherokee's premises while on duty,

unless they first obtained permission from Cherokee's managers.

On March 12, 1998, Thompson responded to a request that he look for a Cherokee shareholder's vehicle that supposedly had been stolen. Thompson left the Cherokee premises while on duty and proceeded off premises in response to the call. After responding to the call, and at a time when he was off Cherokee's premises, Thompson was requested by the Gregg County Sheriff's Department to assist it in a further investigation of the alleged theft. Thompson responded to the request of the sheriff's department, and as a result he was terminated. Thompson left Cherokee's premises before the sheriff's department asked for his help, and the sheriff's department did not call him to active duty as a reserve officer in connection with its call for help.

Cherokee moved for summary judgment on three grounds: (1) that Thompson was an at-will employee and his termination did not come within the exception in the *Sabine Pilot* case; (2) that the laws Thompson allegedly was required to violate did not apply to Thompson because Thompson was not acting as a peace officer when he left Cherokee's premises, and the statutes Thompson relies on are unconstitutionally vague; and (3) that the *Sabine Pilot* exception does not apply here because the laws Thompson allegedly was asked to violate carry no criminal penalties. Cherokee's motion was a traditional motion for summary judgment, not a motion for a no-evidence summary judgment pursuant to TEX. R. CIV. P. 166a(i).

Thompson responded to Cherokee's motion for summary judgment and relied on TEX. CODE CRIM. PROC. ANN. arts. 2.03 and 2.15 (Vernon 1977) and 18 U.S.C.A. §§ 1503 and 1512 (West Supp. 1999), the federal obstruction of justice statutes.

To prevail on a motion for summary judgment, the movant must establish that there is no genuine issue of material fact and that the movant is entitled to judg-

ment as a matter of law. TEX. R. CIV. P. 166a(c). Summary judgment for a defendant is proper only when the defendant negates at least one element of each of the plaintiff's theories of recovery or pleads and conclusively establishes each element of an affirmative defense. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997); *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). The movant for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Once the movant establishes that it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989). In reviewing a summary judgment, we accept all of the nonmovant's proof as true and indulge every reasonable inference in the nonmovant's favor. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d at 911. All doubts as to the existence of a genuine issue of material fact must be resolved against the movant. *Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996).

 In an at-will employment relationship, an employer may ordinarily terminate an employee for any reason, unless the employer-employee relationship has been modified by a legally binding agreement. The termination of an at-will employee therefore is usually not wrongful. Texas has created an exception to this rule, however, so that the discharge of an at-will employee for the sole reason that the employee refused to violate a criminal law may be actionable. *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d at 735.

We conclude that the trial court correctly rendered summary judgment for Cherokee for these reasons: (1) the statutes Thompson was allegedly ordered to violate do not apply to him; (2) even if Thompson

did come within the Texas statutes, the *Sabine Pilot* exception to the at-will employment doctrine does not apply because the statutes provide for no criminal penalties; and (3) Thompson's refusal to assist the sheriff's department would not have constituted obstruction of justice under federal law.

■ Article 2.03 of the Code of Criminal Procedure provides:

(a) It shall be the duty of the attorney representing the State to present by information to the court having jurisdiction, any officer for neglect or failure of any duty enjoined upon such officer, when such neglect or failure can be presented by information, whenever it shall come to the knowledge of said attorney that there has been a neglect or failure of duty upon the part of said officer; and he shall bring to the notice of the grand jury any act of violation of law or neglect or failure of duty upon the part of any officer, when such violation, neglect or failure is not presented by information, and whenever the same may come to his knowledge.

TEX. CODE CRIM. PROC. ANN. art. 2.03(a) (Vernon 1977). The neglect of duty addressed in Article 2.03(a) refers to the duties of peace officers that are set out in Article 2.13, which provides:

It is the duty of every peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court.

He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried.

TEX. CODE CRIM. PROC. ANN. art. 2.13 (Vernon 1977). Article 2.15 provides as follows:

The peace officer who has summoned any person to assist him in performing any duty shall report such person, if he refuse[s] to obey, to the proper district or county attorney, in order that he may be prosecuted for the offense.

TEX. CODE CRIM. PROC. ANN. art. 2.15 (Vernon 1977). Article 2.15, however, refers to assistance requested by the officer under the provisions of Article 2.14, which provides as follows:

Whenever a peace officer meets with resistance in discharging any duty imposed upon him by law, he shall summon a sufficient number of citizens of his county to overcome the resistance; and all persons summoned are bound to obey.

TEX. CODE CRIM. PROC. ANN. art. 2.14 (Vernon 1977).

■ A careful reading of the statutes quoted indicates that Article 2 .03 pertains to a peace officer who neglects his duty as outlined in Article 2.13. Article 2.12 of the Code of Criminal Procedure lists those persons who are considered peace officers for the purposes of Chapter 2 of the Code of Criminal Procedure.[1] The only kind of

---

1. TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp.1999) provides:
 The following are peace officers:
 (1) sheriffs and their deputies;
 (2) constables and deputy constables;
 (3) marshals or police officers of an incorporated city, town, or village;
 (4) rangers and officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety;
 (5) investigators of the district attorneys', criminal district attorneys', and county attorneys' offices;
 (6) law enforcement agents of the Texas Alcoholic Beverage Commission;
 (7) each member of an arson investigating unit commissioned by a city, a county, or the state;

security officers listed as peace officers in Article 2.12 are municipal park and recreational patrolmen and security officers. A private security officer who is not a municipal security officer is not a peace officer within the meaning of Chapter 2. *See Bohn v. State*, 651 S.W.2d 274 (Tex.App.—Dallas 1983, no pet.). Although Thompson is a certified peace officer by training and certification, he is not a peace officer of this state within the meaning of Articles 2.12, 2.03, and 2.13. Thus, the statutes on which Thompson relies do not apply to him.

■■■ Article 2.15 of the Texas Code of Criminal Procedure provides that a person who is requested to aid a peace officer and fails to do so shall be reported to the district attorney or the county attorney for prosecution. The authority of the officer to request the aid of any person, however, is limited to situations where the peace officer meets with resistance in discharging his duty. In that case, the officer may summon private citizens to assist him, and they are obliged to obey. TEX. CODE CRIM. PROC. ANN. art. 2.14.

There is no summary judgment evidence here that the sheriff's deputy who requested Thompson's assistance had met with any resistance in the discharge of his duty. Consequently, Article 2.15 did not apply to Thompson on the occasion in question here.

■■■ Even if the statutes applied to Thompson and he was terminated for answering a peace officer's call for help, his termination would not be wrongful under

(8) officers commissioned under Section 37.081, Education Code, or Subchapter E, Chapter 51, Education Code;

(9) officers commissioned by the General Services Commission;

(10) law enforcement officers commissioned by the Parks and Wildlife Commission;

(11) airport police officers commissioned by a city with a population of more than one million, according to the most recent federal census, that operates an airport that serves commercial air carriers;

(12) airport security personnel commissioned as peace officers by the governing body of any political subdivision of this state, other than a city described by Subdivision (11), that operates an airport that serves commercial air carriers;

(13) *municipal park and recreational patrolmen and security officers;*

(14) security officers commissioned as peace officers by the comptroller;

(15) officers commissioned by a water control and improvement district under Section 49.216, Water Code;

(16) officers commissioned by a board of trustees under Chapter 341, Acts of the 57th Legislature, Regular Session, 1961 (Article 1187f, Vernon's Texas Civil Statutes);

(17) investigators commissioned by the Texas State Board of Medical Examiners;

(18) officers commissioned by the board of managers of the Dallas County Hospital District, the Tarrant County Hospital District, or the Bexar County Hospital District under Section 281.057, Health and Safety Code;

(19) county park rangers commissioned under Subchapter E, Chapter 351, Local Government Code;

(20) investigators employed by the Texas Racing Commission;

(21) officers commissioned by the State Board of Pharmacy;

(22) officers commissioned by the governing body of a metropolitan rapid transit authority under Section 451.108, Transportation Code, or by a regional transportation authority under Section 452.110, Transportation Code;

(23) investigators commissioned by the attorney general under Section 402.009, Government Code;

(24) security officers and investigators commissioned as peace officers under Chapter 466, Government Code;

(25) an officer employed by the Texas Department of Health under Section 431.2471, Health and Safety Code;

(26) officers appointed by an appellate court under Subchapter F, Chapter 53, Government Code;

(27) officers commissioned by the state fire marshal under Chapter 417, Government Code;

(28) an investigator commissioned by the commissioner of insurance under Article 1.10D, Insurance Code; and

(29) apprehension specialists commissioned by the Texas Youth Commission as officers under Section 61.0931, Human Resources Code.

(Emphasis added.)

the *Sabine Pilot* exception because the statutes he allegedly was compelled to violate do not have any criminal penalties attached to their violation. In the *Sabine Pilot* case, the Supreme Court's opinion stated: "We now hold that public policy, as expressed in the laws of this state and the United States which carry *criminal* penalties, requires a very narrow exception to the employment-at-will doctrine." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d at 735 (emphasis added). Courts considering this issue after the *Sabine Pilot* decision have refused to expand the exception to apply to statutes that have no penalties, or have only civil penalties for their violation. *See Hancock v. Express One Int'l, Inc.*, 800 S.W.2d 634 (Tex.App.—Dallas 1990, writ denied); *Burt v. City of Burkburnett*, 800 S.W.2d 625 (Tex.App.—Fort Worth 1990, writ denied). We likewise decline to expand the narrow exception provided by the Supreme Court in the *Sabine Pilot* case.

■■ Thompson argues that, by terminating him for responding to a call for help from law enforcement officers, Cherokee required that he violate federal obstruction of justice statutes which have criminal penalties, specifically 18 U.S.C.A. §§ 1503 and 1512. We disagree. Sections 1503 and 1512 prohibit the obstruction of justice by actively harassing an officer or in some other way impeding his investigation or enforcement of the law. We do not believe that the mere passive failure of a private citizen to assist a peace officer constitutes a violation of these obstruction of justice statutes.

■ Thompson also argues that Articles 2.03 and 2.15 of the Texas Code of Criminal Procedure do have penalties attached to their violation, because they provide that a person who violates them shall be reported to the district attorney or the county attorney or the grand jury for possible prosecution. The referral to a prosecutor or to a grand jury, or even an actual prosecution, however, is not a criminal penalty. Although a prosecution may seriously inconvenience the defendant and impose substantial costs on him, those results, we believe, are more like civil penalties, which have specifically been held not to trigger the *Sabine Pilot* exception. *See Hancock v. Express One Int'l, Inc.*, 800 S.W.2d at 636–37.

■ Thompson also complains because the trial court overruled his objections to Cherokee's summary judgment evidence. The record, however, does not show that the trial court ever ruled on Thompson's objections. By failing to secure the trial court's rulings on his objections, Thompson has waived any complaint on appeal as to these objections. *See Hicks v. Humble Oil and Ref. Co.*, 970 S.W.2d 90, 93 (Tex. App.—Houston [14th Dist.] 1998, writ denied); *Roberts v. Friendswood Dev. Co.*, 886 S.W.2d 363, 365 (Tex.App.—Houston [1st Dist.] 1994, writ denied). Moreover, even if Thompson had preserved these complaints for review on appeal, we find that the objections were without merit, and the trial court should have overruled them.

For the reasons stated, we affirm the judgment of the trial court.

Concurring Opinion by Justice GRANT.

Concurring Opinion by Justice GRANT.

I concur with the results reached by the majority (1) because the employees of Cherokee Water Company were not peace officers as defined under the Code of Criminal Procedure, and thus, Article 2.03 of the Code of Criminal Procedure was not applicable; (2) because Article 2.13 of the Texas Code of Criminal Procedure was not applicable to the fact situation in this case; and (3) because the federal obstruction of justice statutes were not applicable in this fact situation.

I respectfully concur.