Opinion issued October 21, 2004







     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00566-CV




BRENDA F. ROBERSON, Appellant

V.

CORPORATION FOR ECONOMIC DEVELOPMENT OF HARRIS
COUNTY, INC., Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2002-08083




MEMORANDUM OPINION
          In this employment case, Brenda F. Roberson appeals a final summary
judgment granted to the Corporation for Economic Development of Harris County,
Inc. (“CEDHC”), for wrongful termination, defamation, and intentional infliction of
emotional distress. We agree with the trial court that the case raises no genuine issue
of material fact. We therefore affirm. 
The Facts
          The CEDHC hired Roberson in February 2001, as manager of the Micro Loan
Department. At that time, she contemporaneously signed an at-will employment
agreement, acknowledging that she would be “subject to termination at any time, for
any reason, with or without notice, and with or without cause.” The CEDHC also
provided her with their employee handbook, which discusses the CEDHC’s at-will
employment policy. 
          In August 2001, Roberson received a loan application from an individual with
a prior bankruptcy and a poor credit history. Roberson submitted a loan package
relating to the application to the CEDHC’s loan committee, an outside group
responsible for reviewing and either approving or denying the application. Roberson
made no staff recommendation on the package as to whether the committee should
approve the loan. A month later, the loan committee approved the loan. According
to the corporate minutes, the CEDHC’s board of directions concluded that “the loan
did not go through the normal process of review by the established in-house
committee.” The minutes further state that “[t]he Board discussed the loan and
concluded that the loan should not have been presented to the Steering Committee for
review.” The board then voted to terminate Roberson’s employment. On November
14, 2001, the CEDHC’s president, Amos Brown, informed Roberson that she was
fired. 
The Procedural History
          In February 2002, Roberson sued the CEDHC for wrongful termination,
defamation, and intentional infliction of emotional distress. A year later, after the
conclusion of discovery, the CEDHC moved for summary judgment. At that time, the
trial court granted Roberson an extension of time, ordering that the CEDHC’s motion
for summary judgment be reset for April 7, 2003. Roberson did not file a response. 
On April 8, 2003, the court rendered a final summary judgment for the CEDHC. 
Roberson then moved for reconsideration and for leave to file a late response to the
summary judgment motion. On May 14, 2003, the court denied Roberson’s motions,
but noted that, in doing so, it had reviewed Roberson’s late-filed response. 
Standard of Review
          The CEDHC moved for a traditional summary judgment; therefore, it has the
burden to establish that no genuine issue of material fact exists. Tex. R. Civ. P.
166a(c); see Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995) (all
evidence favorable to nonmovant taken as true and reasonable inferences indulged
in nonmovant’s favor); Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex.
1985) (defendant-movant bears burden to show no genuine issue of material fact and
entitlement to judgment as matter of law).
The Late Response to the Summary Judgment Motion
          Roberson contends that the trial court abused its discretion in denying her
motion for leave to file a late response to the summary judgment motion, filed after
the trial court already had granted the motion. Roberson asserts that she missed the
deadline because her counsel had moved his office location and lost his weekly
calendar. Counsel asserts on appeal that it thought the response was due on April 18,
2003. For support, counsel cites to Exhibit A of the appendix to the appellate brief,
as an order that “was left out of the record.” The order to which Roberson refers is
not an order; instead, it is a notice from the trial court indicating that it had signed an
order granting a trial continuance and an extension of time. The correspondence does
not refer to any deadlines. 
          The record contains the actual order granting the continuance of the summary
judgment hearing. The order states, “Summary Judgment set for submission today
is reset for April 7, 2003, on submission.” Roberson’s contention that the submission
date was anything other than the April 7 date specified in the order is without merit. 
          Though the trial court denied Roberson’s motion for leave to file a late
response, it nonetheless considered the late response. On May 14, 2003, the trial
court signed an order stating that it reviewed and considered the response:
On this date, the Court orders as follows: Plaintiff’s Motion for Leave
to Late [sic] Summary Judgment Response is denied. Alternatively, the
court has reviewed the Plaintiff’s Response to the Motion for Summary
Judgment and finds in favor of the Defendant on its Motion for
Summary Judgment. 
The order thus shows that the trial court considered Roberson’s late response;
therefore, we will also consider the merit of the motion and response. 
Wrongful Termination
          Roberson contends that the trial court erred in granting the CEDHC’s motion
for summary judgment because genuine issues of material fact exist regarding her
wrongful termination claim. Although Roberson’s petition does not allege a specific
cause of action, it does assert that federal regulations prohibited her from
discouraging an applicant from pursuing a loan:
Defendant falsely accused Plaintiff of submitting a loan application for
approval that should not have been submitted, when in fact, by federal
regulation and as a professional in the banking/financial industry, she
was prohibited by federal regulations from making oral or written
statements that would discourage a reasonable person from making or
pursing [sic] a loan. Further, Plaintiff made no recommendations for
approval of Smith’s loan the submission of which the President used as
a reason for her termination. The President knew or should have known
that Plaintiff had not engaged in and could not have legally engaged in
such conduct; nonetheless, the President of the corporation either with
actual malice or negligently accused her of engaging in conduct that
would be damaging to her in her occupation as a Banker, all to her
damages for which she now sues in an amount within the jurisdictional
limits of this Honorable Court.

Construing Roberson’s pleadings liberally, we address her claim for wrongful
termination as one brought under Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733,
735 (Tex. 1985).


 Under the Sabine Pilot exception to the employment-at-will
doctrine, an employee may maintain a common law claim for wrongful termination
if the sole reason for the employee’s termination is a refusal to perform an illegal act. 
Id. An employee who was “unacceptably forced to choose between risking criminal
liability or being discharged” may seek a recovery. Winters v. Houston Chronicle
Publ’g Co., 795 S.W.2d 723, 724 (Tex. 1990). 
          The CEDHC’s motion for summary judgment asserts that Roberson does not
have a cause of action under Sabine Pilot because Roberson failed to raise a fact issue
as to whether the CEDHC discharged her for the sole reason that she refused to
perform an illegal act that would subject her to a criminal penalty. See Sabine Pilot,
687 S.W.2d at 735. We agree. In her petition, Roberson does not allege that the
CEDHC asked her to commit an unlawful act. Instead, she testified in her deposition
that the CEDHC unlawfully fired her because she “brought the loan forward.” She
claims that she would have violated Regulation B of the federal Equal Credit
Opportunity Act if she had “dissuaded” the loan applicant.


 Thus, Roberson did not
refuse to perform an illegal act; rather, she claims she was fired because she acted
legally. Roberson testified, moreover, that no one at the CEDHC had told her to
reject a loan application on the basis of race, color, religion, national origin, sex,
marital status, or age. Based on Roberson’s own testimony, she raises no genuine
issue of material fact regarding whether the CEDHC asked her to commit an illegal
act. 
          In addition, to prevail under Sabine Pilot, performance of the illegal act must
subject the employee to criminal penalties. See id. Regulation B does not carry any
criminal penalties. See 12 C.F.R. § 202.17 (b)(1) (providing that “any creditor that
fails to comply with a requirement imposed by the Act or this regulation is subject to
civil liability for actual and punitive damages in individual or class actions”). Even
if the CEDHC had asked Roberson to violate Regulation B, she would not have been
subject to criminal penalties; thus, as a matter of law, Roberson’s claim does not fit
within the Sabine Pilot exception to the employment-at-will doctrine. See Fite v.
Cherokee Water Co., 6 S.W.3d 337, 342 (Tex. App.—Texarkana 1999, no pet.)
(holding that Sabine Pilot was inapplicable because statute requiring private citizens
to respond to peace officer’s request for assistance did not carry criminal penalties). 
          We hold that Roberson raises no genuine issue of material fact as to her
wrongful termination claim; therefore, the trial court properly granted summary
judgment for the CEDHC.
Defamation
          In her petition, Roberson alleges that she suffered “damages in her profession
and occupation and that her reputation as a Banker has been injuriously slandered and
defamed for which she now sues.” To prevail on her cause of action for defamation,
Roberson must prove: (1) the CEDHC published a statement; (2) the statement was
defamatory concerning Roberson; and (3) the CEDHC was negligent regarding the
truth of the statement. See WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex.
1998). To prevail on its motion for summary judgment, the CEDHC must disprove
at least one essential element of Roberson’s defamation claim. See id. 
          During her deposition, Roberson could not refer to any specific defamatory
statements made about her. She “did not know” what statements had been made, but
thought “something is probably out there”: 
Q.Okay. And tell me what the statement or statements were that
damaged your reputation.
 
A.That’s the whole point of this exercise. I don’t know what they
are. I am never going to know what they are. . . . Now, I can’t
specifically say what is out there about me; but because of my
previous experience in having been in this business for 25 years,
I know something is probably out there. I can’t see any reason
why my situation would be any different than anybody elses. 
 
Q.Okay. So, I understand that you don’t have any specific
statements that you can --
 
A.No -- nobody -- no. 
          Roberson further testified that she could not prove any future employers had
refused to hire her because the CEDHC had terminated her employment. Finally,
Roberson admitted that she had neither documentary evidence nor witnesses to
support her allegation. By her own testimony, Roberson fails to establish a cause of
action for defamation. See Abbott v. Pollock, 946 S.W.2d 513, 519-20 (Tex.
App.—Austin 1997, writ denied) (affirming summary judgment on basis that sheriff’s
office “proved the absence of a defamatory statement” because employees admitted
they did not know of any defamatory statements made). The trial court thus properly
granted summary judgment for the CEDHC on the defamation claim.
Intentional Infliction of Emotional Distress
          Roberson further contends that the facts support a claim for intentional
infliction of emotional distress. To recover damages for intentional infliction of
emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally
or recklessly; (2) the defendant’s conduct was extreme and outrageous; (3) the
defendant’s actions caused the plaintiff emotional distress; and (4) the resulting
emotional distress was severe. Standard Fruit & Vegetable Co. v. Johnson, 985
S.W.2d 62, 65 (Tex. 1998). Extreme and outrageous conduct is conduct “ ‘so
outrageous in character, and so extreme in degree, as to go beyond all possible
bounds of decency, and to be regarded as atrocious, and utterly intolerable in a
civilized community.’ ” Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)
(quoting Restatement (Second) of Torts § 46 cmt 46 cmt. d (1965)). Liability
does not extend to mere insults, indignities, threats, annoyances, petty oppressions,
or other trivialities. GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999);
Restatement (Second) of Torts § 46 cmt 46 cmt. d (1965). It is for the court to
determine, in the first instance, whether a defendant’s conduct was extreme and
outrageous. GTE Southwest, Inc., 998 S.W.2d at 616; Restatement (Second) of
Torts § 46 cmt 46 cmt. h. 
          A claim for intentional infliction of emotional distress does not exist for
“ordinary employment disputes.” Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d
735, 741 (Tex. 2003) (citations omitted). “Only in the most unusual of circumstances
is conduct so extreme and outrageous that it is removed from the realm of ordinary
employment disputes.” Id. (citations omitted). Wrongful termination does not,
standing alone, constitute intentional infliction of emotional distress. Id. As the
Texas Supreme Court has explained, “[t]ermination of an employee is never pleasant,
especially for the employee. But if we accept [the employee’s] arguments in this
case, employers would be subjected to a potential jury trial in connection with
virtually every discharge, and ‘there would be little left of the employment-at-will
doctrine.’ ” Wornick Co. v. Casas, 856 S.W.2d 732, 735 (Tex. 1993) (citing Diamond
Shamrock Refining and Marketing Co. v. Mendez, 844 S.W.2d 198, 202 (Tex. 1992)). 
          During her deposition, Roberson testified that no one yelled at her or acted “in
a rude or abusive manner” to her when she was fired. She also testified that although
she experienced “extreme anger,” “humiliation,” and “extreme stress,” she suffered
no physical injuries as a result of the termination and did not seek medical or
psychiatric care. The record establishes as a matter of law that the CEDHC’s conduct
fell short of the requisite level of outrageousness. See Wornick, 856 S.W.2d at 735
(holding that employer’s conduct in having security guard escort terminated employee
from premises was not sufficiently outrageous, as matter of law, to state claim for
intentional infliction of emotional distress). Although we recognize that Roberson’s
termination was “understandably unpleasant,” the circumstances were part of an
“ordinary employment dispute.” See Canchola, 121 S.W.3d at 742 (holding that
Wal-Mart’s conduct was “understandably unpleasant,” but was an “ordinary
employment dispute”). We therefore hold that the trial court properly granted
summary judgment for the CEDHC on the intentional infliction of emotional distress
claim.
Conclusion
          We hold that Roberson raises no genuine issue of material fact as to her
wrongful termination, defamation, and intentional infliction of emotional distress
claims. We therefore affirm the trial court’s summary judgment. 



                                                             Jane Bland
                                                             Justice


Panel consists of Justices Taft, Jennings, and Bland.